Linda FOREHAND, Plaintiff-Appellant,

v.

**FIRST ALABAMA BANK OF DOTHAN,**
a corporation, et al.,
Defendants-Appellees.

No. 83–7230.

United States Court of Appeals,
Eleventh Circuit.

March 19, 1984.

George E. Trawick, Ariton, Ala., for plaintiff-appellant.

John E. Byrd, Byrd & Carter, Cada M. Carter, Dothan, Ala., for First Alabama Bank of Dothan.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

GODBOLD, Chief Judge:

This appeal presents the question whether the district court properly dismissed this Sec. 1983 action on grounds of comity and the existence of adequate remedies in pending state litigation. We find that abstention was improper under the circumstances and reverse.

## I. Facts

First Alabama Bank filed an action in state court against plaintiff's husband, Troy Forehand. Admittedly through oversight, the bank failed to name Linda Forehand, the appellant, as a defendant. The bank's complaint sought a money judgment for secured indebtedness and possession of equipment and livestock in which the bank had a perfected security interest. The state court issued a writ of seizure in accordance with which the bank seized the property that was the subject of the security interest. The seizure order informed Troy, as required by state law, that he could file a written request for a hearing regarding the prejudgment seizure within five days. No such notice was directed to Linda. Before the five days elapsed Troy filed a Chapter 11 bankruptcy petition in federal court in which he claimed to be the owner of all of the property sought in the bank's writ of seizure proceeding. Thus the property became part of the debtor's estate and the bank was temporarily stayed from further collection action. Linda was not a party to the bankruptcy action.

Linda then filed this Sec. 1983 action in federal court in November 1982. Seeking only damages, she claimed that the bank, under color of the state law permitting seizure, had taken her property without due process. In February 1983, after learning that Troy's bankruptcy case had been dismissed, the bank amended its complaint in the state court action to add Linda as a

defendant. The bank subsequently obtained another writ of seizure against her.

The bank then moved in federal court to dismiss Linda's action. The district court granted the motion on grounds of comity and the *Anti-Injunction Act,* 28 U.S.C.Sec. 2283 (1976), and this appeal followed. After her federal action was dismissed, Linda counterclaimed against the bank for damages in the state court action.

## II. Abstention

 Linda is correct in her assertion that the district court could not have required her to exhaust state remedies. *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). She is also correct that the Anti-Injunction Act does not support the trial court's decision to dismiss her action. That act does not apply to a cause of action brought under Sec. 1983. *Gibson v. Berryhill,* 411 U.S. 564, 572–73, 93 S.Ct. 1689, 1694–1695, 36 L.Ed.2d 488 (1973). Also her complaint did not request any injunction, declaratory judgment, or other similar remedial relief but merely damages. For these reasons, abstention is the only doctrine that, if properly applied in these circumstances, could support the dismissal of the action.

In its brief the bank concedes that the district court's action would be improper under any of the three traditional categories of abstention. The bank argues, however, that dismissal was proper under a fourth, and relatively new, category of abstention, the exceptional circumstances test announced by the Supreme Court in *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *See also Fountain v. Metropolitan Atlanta Rapid Transit Authority,* 678 F.2d 1038, 1046 (11th Cir.1982). In *Colorado River,* the state of Colorado had enacted legislation establishing procedures for the resolution of water rights claims. A federal statute, the McCarran Amendment, 43 U.S.C. Sec. 666 (1976), provided for joinder of the federal government, even in state court, in any suit for adjudication of water rights where the United States owns or is acquiring such rights by appropriation un-

der state law. After concurrent proceedings for adjudication of the same water rights were initiated in state and federal court, the district court dismissed the federal action on abstention grounds.

The Supreme Court held that although none of the traditional categories of abstention applied, "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions." 424 U.S. at 817, 96 S.Ct. at 1246. The Court compared the circumstances in which traditional abstention is proper with the new principles it was announcing, and concluded that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818, 96 S.Ct. at 1246.

█ Several factors are to be considered in determining whether dismissal on the basis of exceptional circumstances is appropriate. First, "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Id.* Federal courts should also consider, second, the inconvenience of the federal forum, third, the desirability of avoiding piecemeal litigation, and fourth, the order in which jurisdiction was obtained in the concurrent forums. *Id.* No one factor is determinative, and only the clearest of justifications will warrant dismissal. *Id.* at 818–19, 96 S.Ct. at 1246–1247.

█ Recently, in *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court reaffirmed its view that *Colorado River* abstention is a doctrine of very limited application and was applied in the *Colorado River* case largely because of the strong federal policy, expressed in the McCarran Amendment, favoring determination of water rights in a single proceeding. —— U.S. at ——, 103 S.Ct. at 937, 74 L.Ed.2d at 780. The Supreme Court

also added two more elements to be considered in applying the *Colorado River* "exceptional circumstances" test: whether federal law provides the rule of decision on the merits, *id.* at ——, 103 S.Ct. at 941, 74 L.Ed.2d at 784, and whether the state court proceedings are inadequate to protect the litigants' rights, *id.* at ——, 103 S.Ct. at 942, 74 L.Ed.2d at 786. Applying all six factors to the facts in *Moses H. Cone,* the Supreme Court held that exceptional circumstances were not present.

When all the factors are applied to the facts of the case before us, it is seen that dismissal and abstention were not proper. First, the federal and state courts are not both determining rights in property over which one court has first taken jurisdiction. The state court has control over the property that was the subject of the bank's security interest, but the federal suit does not purport to determine, as between the bank and Linda, the ownership rights in those goods. The claim in federal court concerns whether, in removing the property without notice to Linda, under color of the writ of seizure, the bank violated her due process rights and thereby injured her. Second, the bank concedes that there is no inconvenience in the federal forum. Third, Linda filed her federal action before she was added as a party to the bank's state court proceeding. Thus the order in which jurisdiction was obtained dictates against dismissal. Fourth, federal law provides the rule of decision on the Sec. 1983 claim. Fifth, Congress has determined that the opportunity to proceed in a federal forum is necessary to protect the rights of Sec. 1983 plaintiffs. This is not to say that the state court will be harsh toward Linda's claims, but

> Congress has deliberately afforded the section 1983 plaintiff an alternative federal forum. It is not for the courts to withdraw that jurisdiction which Congress has expressly granted under section 1983 where such a withdrawal is contrary to the purpose of Congress in extending that alternative forum.

*Duke v. James,* 713 F.2d 1506, 1510 (11th Cir.1983). Although *Duke* speaks directly only to the wisdom of *Pullman* abstention in Sec. 1983 cases, *see generally Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Supreme Court made clear in *Colorado River* that the exceptional circumstances type of abstention is to be applied on an even more limited basis than *Pullman* and the other traditional abstention doctrines. 424 U.S. at 818, 96 S.Ct. at 1246. Thus the law in this circuit requires clear and exceptional justification for dismissing a Sec. 1983 claim on grounds of *Colorado River* abstention.

█ Only the sixth factor, the avoidance of piecemeal litigation, supports the district court's order dismissing the federal action, and that factor is much weaker in this case than in *Colorado River,* where the McCarran Amendment offered explicit congressional support for the view that water rights should be adjudged in a single proceeding. There is no such congressional statement here that Sec. 1983 plaintiffs should be required to litigate their federal claims in state forums when actions involving the same transaction are pending in state court. If there is any presumption on this point, it would tend to run in the opposite direction. *See Patsy, supra; Duke, supra,* 713 F.2d at 1510. Under these circumstances, dismissal under the "exceptional circumstances" test from *Colorado River* was improper.

REVERSED.

RONEY, Circuit Judge, dissenting:

I respectfully dissent. Correctly reviewed under the abuse of discretion standard, the district court should not be reversed for abstaining in this case.

Two of the six factors set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), to be considered in exercising discretion as to abstention, would seem to be significant. *First,* both the federal and state courts must determine rights in property over which the state court has first taken jurisdiction. The basis of Linda Forehand's section 1983 claim is that she was not given notice before seizure of her property. Necessarily involved in this claim is the issue of whether Linda Forehand had an interest in the property. The same issue is before the state court in which litigation was first commenced. *Second,* this determination of property interest which would be made in the § 1983 claim involves questions of state law.

Admittedly through oversight, the bank failed to join Linda Forehand in the state action against the property. Before it could cure that defect, Linda's own husband, Troy Forehand, upon receiving the notice of the state seizure, filed a Chapter 11 bankruptcy petition, temporarily halting further action in the state court. After dismissal of the bankruptcy petition, the bank did add Linda Forehand as a defendant in the state action, in which her interest in the property will be determined under state law.

Instead of using the process available for her in state court to protect her rights, however, Linda Forehand hastily filed a § 1983 action for damages only, claiming a violation of her due process rights. Presumably, until the state procedure is conducted, there will be some difficulty in determining the extent of her damage, even assuming she can prove a due process violation at all. *See Lewis v. Hillsborough Transit Authority,* 726 F.2d 668 (11th Cir. 1984). It seems to me not only within the discretion permitted a district judge but probably an efficient way of handling the matter is to simply wait until that state proceeding is completed.

In order to prevent statute of limitations and other problems from needlessly interfering with the eventual adjudication of Linda Forehand's § 1983 claim, the district court should have retained jurisdiction until termination of the state litigation, at which time Linda's federal claim, if she still had one, could be fully considered.