Cecil JOHNSON, Plaintiff,

v.

**KUT KWICK
CORPORATION, Defendant.**

**Civ. A. No. 284–143.**

United States District Court,
S.D. Georgia,
Brunswick Division.

Oct. 5, 1984.

On Motion For Reconsideration
Nov. 1, 1984.

On Application For Fee Dec. 28, 1984.

Evelyn H. Johnson, Brunswick, Ga., for plaintiff.

Carol A. Eller, Atlanta, Ga., for defendant.

### ORDER

ALAIMO, Chief Judge.

Presently before the Court are two motions by the defendant: (1) a motion to dismiss the pendent state claims and (2) a motion to impose sanctions against plaintiff and his counsel for violation of Fed.R. Civ.P. 11.

### I. Motion to Dismiss

 This action, originally *erroneously* brought pursuant to 42 U.S.C. § 2000e *et seq.*, and pendent state claims based on alleged discrimination against handicapped persons, in violation of O.C.G.A. § 34–6A–1, breach of a public duty, and common law fraud and deceit, was met by motion to dismiss the entire action for lack of jurisdiction because there was no allegation showing a violation of any federal right.

The complaint has now been amended to show a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, thus properly invoking federal jurisdiction founded upon 28 U.S.C. §§ 1331, 1337(a) and 1343(a)(3), (4).

Presently before the Court is defendant's motion to dismiss the state law claims upon the ground that they predominate and are presently the subject matter of a complaint filed in Glynn Superior Court on October 11, 1983.

In view of the pending state action and in consideration of judicial economy, convenience and fairness to the litigants, and the fact that the state issues substantially predominate, the Court is of the opinion that said motion to dismiss should be granted.

Accordingly, the state claims for violation of O.C.G.A. § 34–6A–1 *et seq.*, breach of public duty and fraud are DISMISSED WITHOUT PREJUDICE.

## II. Motion to Impose Sanctions

As previously stated, federal jurisdiction in this case was originally posited on a violation of Title VII, 42 U.S.C. § 2000e *et seq.* The complaint, however, was devoid of any claim of discrimination encompassed by Title VII, thus having no foundation for federal jurisdiction. This fatal omission spawned defendant's motion to dismiss the entire action, as well as a motion for the imposition of sanctions for violating Fed.R.Civ.P. 11.

Promptly thereafter, plaintiff and his counsel confessed error and amended the complaint to show a violation of ADEA, 29 U.S.C. § 623 *et seq.*

Defendant's motion has merit. Here, the original complaint was verified by plaintiff and signed by plaintiff's counsel. Unquestionably, they either did not read the complaint before signing it or they failed to make a reasonable inquiry of the facts and the statute, 42 U.S.C. § 2000e *et seq.*

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Plaintiff and his counsel have obviously violated Rule 11.

Rule 11 provides further that:

If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall impose* upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading ..., including a reasonable attorney's fee.

(Emphasis added.) This Court, thus, has no alternative but to impose sanctions.

Accordingly, plaintiff and his counsel shall pay reasonable attorney's fees to defendant's counsel for the time expended in prosecuting defendant's motion to dismiss.

If the parties cannot agree on the amount of such reasonable attorney's fees, the Court, upon appropriate showing by defendant, shall assess a reasonable fee.

## ON MOTION FOR RECONSIDERATION

Now before the Court is plaintiff's motion for reconsideration of the Court's Order of October 5, 1984, which dismissed all of plaintiff's pendent state claims without prejudice and awarded defendant "a reasonable attorney's fee for the time expended in prosecuting defendant's motion to dismiss." Plaintiff challenges the Court's Order on the following grounds.

**Plaintiff's Abstention Defense**

First, plaintiff argues that this Court's dismissal of his pendent state claims causes a bifurcation of plaintiff's case and "requires him to pursue two lawsuits against the defendant arising out of the same transaction." Plaintiff's Motion for Reconsideration, filed October 15, 1984, at 1. Plaintiff relies on abstention cases for the proposition that federal district courts should avoid piecemeal litigation and exercise its discretionary power to abstain only in "exceptional circumstances." *See Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District, et al v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, *reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976); *Forehand v. First Alabama Bank of Dothan*, 727 F.2d 1033 (11th Cir.1984). Finally,

plaintiff asserts that the concurrent state court action in this case is "inadequate to protect the litigant's rights as there is a federal question to be resolved."

The Court has read and reviewed the above-cited authority and finds it to be inapposite to the instant action. These abstention cases focus on the question of whether a federal district court should decline to exercise jurisdiction when the subject of the federal suit is simultaneously subject to litigation in state court. Usually, this issue arises in those cases where state and federal courts possess concurrent jurisdiction. *See* M. Redish, *Federal Jurisdiction: Tensions in the Allocation of Judicial Power*, 249–55 (1980). In order to avoid possible harassment or the duplication of effort, a federal court may wish to defer to the state proceeding. But, as specifically mentioned by Justice Brennan in *Colorado River, supra,* "the circumstances permitting the dismissal of federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." 424 U.S. at 818, 96 S.Ct. at 1246, 47 L.Ed.2d at 498.

In the case *sub judice,* plaintiff has brought a claim showing a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.,* and has invoked this Court's jurisdiction pursuant to 23 U.S.C. §§ 1331, 1337(a) and 1343(a)(3), (a)(4). Plaintiff also has attempted to invoke the Court's jurisdiction over pendent state claims for the violation of O.C.G.A. § 34–6A–1 *et seq.,* breach of public duty and fraud. In its Order of October 5, 1984, dismissing plaintiff's pendent state claims, this Court held that "[i]n view of the pending state action and in consideration of judicial economy, convenience and fairness to the litigants, and the fact that the state issues substantially predominate, the Court is of the opinion that [defendant's] motion to dismiss [plaintiff's state claims] should be granted."

In the seminal case, *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court established a two-prong test for determining the propriety of pendent jurisdiction. These consist of (1) the existence of power to hear the state claims and (2) the proper use of the discretion to exercise that power in the instant case. To satisfy the first prong:

[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantialty of the federal issues there is *power* in federal courts to hear the whole.

383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227–28 (citation omitted) (footnote omitted) (emphasis in original). As to the second prong, the proper exercise of discretion, the Court must keep in mind that the justification for pendent jurisdiction:

lies in consideration of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

383 U.S. at 726–27, 86 S.Ct. at 1139, 16 L.Ed.2d at 228 (citation omitted); *see Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). These lengthy passages clearly illustrate that the Supreme Court in *Gibbs* intended to make pendent jurisdiction a doctrine of discretion, not of

plaintiff's right. *See Weissinger v. White,* 733 F.2d 802 (11th Cir.1984); *Williams v. Bennett,* 689 F.2d 1370 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *see also Ray v. Tennessee Valley Authority,* 677 F.2d 818 (11th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). Accordingly, district courts have been vested with substantial discretion with regard to exercising pendent jurisdiction. *See Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524 (11th Cir.1983); *L.A. Draper and Son v. Wheelabrator-Frye,* 560 F.Supp. 1138 (N.D.Ala.1983).

This Court has reread the record in this case and has come to the same conclusion. The Court is of the opinion, therefore, that plaintiff's motion to reconsider the Court's dismissal without prejudice of the pending state claims to this lawsuit should be denied.

**Plaintiff's Rule 11 Defense**

Plaintiff also challenges the Court's award of sanctions against plaintiff and his counsel. Plaintiff contends that, although his counsel incorrectly cited a federal statute in pursuing his claims, this "technical" error should not give rise to an award of sanctions under Fed.R.Civ.P. 11. Plaintiff relies on particular passages from Wright & Miller and Moore in asserting the proposition that sanctions under Rule 11 may not be levied unless the offender has acted in bad faith.

This argument is wholly without merit. Just recently, the United States District Court for the Central District of California addressed this argument in *Zaldivar v. City of Los Angeles,* 590 F.Supp. 852 (C.D. Cal.1984). There, Judge Williams stated that:

The willfulness requirement was deleted when Rule 11 was amended...

A subjective bad faith finding would be difficult to make and thus makes it more difficult for courts to impose sanctions for Rule 11 violations. Furthermore, bad faith is not necessarily a pre-

requisite to the filing of a lawsuit which has no basis in law or fact. Attorneys may well file suits without first considering the plausibility of the claim. Such conduct may not be in bad faith, but it should not be condoned. The purpose of sanctions is to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Fed.R.Civ.P. 11 Advisory Committee Note. A subjective bad faith requirement would not fully serve that purpose.

590 F.Supp. at 856 (footnote omitted). Thus, in determining whether sanctions under Rule 11 are appropriate, the Central District of California adopted a "less rigid standard"—"whether the plaintiff's action was so without factual and legal foundation that it can be considered frivolous or unreasonable." *Id. Cf. Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 74 L.Ed.2d 648 (1978) (district court has discretion to award attorney's fees in a Title VII case upon finding that plaintiff's action was frivolous, unreasonable or without foundation).

Upon filing the original complaint with this Court, plaintiff and counsel had an affirmative obligation to read the document and make certain, after reasonable inquiry, that it was well grounded in fact and warranted by existing law. By signing the original complaint, plaintiff's counsel certified that this case would be tried to this Court as a Title VII case and to a jury involving pendent state claims. Even a cursory review of the Title VII statutes reveals to any licensed attorney that plaintiff's injuries could not be remedied under those provisions. Had plaintiff or counsel corrected this error shortly after filing the complaint, this Court might have looked upon this matter with greater leniency. But it was not until defendant brought its motion to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), nearly six weeks later [1] that plaintiff did amend his original complaint.

---

**1.** Plaintiff filed his original complaint on July 10, 1984. Defendant brought its motion to dis-

Pursuant to Fed.R.Civ.P. 11, therefore, this Court feels compelled to impose sanctions on plaintiff and his counsel. Accordingly, plaintiff's motion for reconsideration of the Court's award of attorney's fees will be denied.

## CONCLUSION

In accordance with the foregoing, the plaintiff's motion for reconsideration of the Court's Order of October 5, 1984, is hereby DENIED.

### ON APPLICATION FOR FEE

By Order of October 5, 1984, the Court granted defendant's motion for sanctions pursuant to Fed.R.Civ.P. 11, holding that "plaintiff and his counsel shall pay reasonable attorney's fees to defendant's counsel for the time expended in prosecuting defendant's motion to dismiss." The parties have failed to agree on the amount of such reasonable fee and defendant's counsel, Carol A. Eller, has submitted a fee application requesting $2,574.50 (27.1 hours expended at $95 per hour).

On consideration of Eller's affidavit in support of her fee application, the Court cannot accede to such request. In view of "the number of years [Eller] has practiced [and her] experience and expertise in the area of labor and employment law," Affidavit at 3, Eller should have realized after only a cursory reading of the complaint that no federal cause of action arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

The Court is of the opinion that Eller should have been able to prepare defendant's motion to dismiss in no more than five hours. Adjusting counsel's hourly rate to $75, a rate more commonly found among counsel in this District, therefore, the Court hereby instructs plaintiff and his counsel to pay Eller a reasonable attorney's fee in the amount of *$375.00.*

Also pending is plaintiff's motion for a revision of the Court's Order of October 5, 1984, in which plaintiff's pendent state law claims were dismissed from this action.

miss on August 27, 1984, and plaintiff's com-

Plaintiff requests the Court's permission to pursue an interlocutory appeal because that Order "involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from said order ... may materially advance the ultimate termination of this litigation." Plaintiff's Motion at 1 (filed October 15, 1984).

Upon consideration thereof, said motion is DENIED.

plaint was amended on September 7, 1984.