Frank M. BARRON, Jr., as Administrator of the Estate of Frank M. Barron, III, deceased, Plaintiff,

v.

SPECTRUM EMERGENCY CARE, INC., Defendant.

Civ. A. No. 83–1672.

United States District Court, N.D. Georgia, Atlanta Division.

July 30, 1985.

Thomas F. Allgood, Jr., Allgood & Childs, Atlanta, Ga., for plaintiff.

Donald M. Fain, William P. Tinkler, Jr., Fain, Gorby, Reeves & Moraitakis, P.C., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is a wrongful death action involving alleged medical malpractice. Defendant, Spectrum Emergency Care, Inc. ("Spectrum"), has moved for a stay pending the resolution of a related state court action. Plaintiff, Frank M. Barron, Jr. ("Barron"), has moved to join Elizabeth Ann Fisher Toth pursuant to Fed.R.Civ.P. 19. For the reasons stated below, both motions are denied.

*Spectrum's Motion to Stay*

For the purposes of this motion, the facts can be stated simply. On August 26, 1981, Barron's adult son was seriously injured in an automobile accident. He died later that same day, after receiving treatment in the emergency room of Coweta General Hospital ("Coweta") in Newnan, Georgia. During the relevant period, Spectrum was contractually obligated to provide physicians to staff Coweta's emergency room. Barron alleges that his son's death was proximately caused by the negligence of Dr.

Fredrick C. Glass, one of the physicians provided to Coweta by Spectrum.

On August 9, 1983, Barron filed the instant diversity action. The complaint advances two theories: (1) that, under the doctrine of *respondeat superior*, Spectrum is liable for Dr. Glass's alleged negligence; and (2) that Spectrum is liable for negligently hiring Dr. Glass, who, according to Barron, lacks the requisite credentials to serve as an emergency room physician. Spectrum maintains that Dr. Glass's treatment of decedent satisfied the prevailing medical standard. In addition, Spectrum contends that it cannot be held vicariously liable, inasmuch as Dr. Glass was an independent contractor, not its employee. Finally, Spectrum denies that it was negligent in hiring Dr. Glass.

Discovery has been completed in this action, and, by order dated April 2, 1985, the Court denied Spectrum's motion for summary judgment. As soon as the parties submit an acceptable pretrial order,[1] this case will be eligible for the ready trial calendar.

On August 31, 1984, Barron filed a related state court action in DeKalb County, Georgia.[2] In that action, Barron seeks to recover directly from Dr. Glass and Dr. Jack H. Powell, who consulted with Dr. Glass regarding decedent's treatment. Spectrum is not named as a defendant in the state court action. The parties dispute whether the state court action is properly on the ready trial calendar. However, the Court assumes, *arguendo*, that the state court action is ready for trial.

It is well settled that " 'the pendency of an action in ... state court is no bar to proceedings concerning the same subject matter in ... Federal court....' " *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting

*McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910) ). Indeed, only in "exceptional circumstances" may a district court properly abstain from exercising its jurisdiction until a related state court action is resolved. *Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246; *American Manufacturers Mutual Insurance Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519 (11th Cir.1984); *Forehand v. First Alabama Bank of Dothan*, 727 F.2d 1033 (11th Cir.1984).

The abstention doctrine enunciated in *Colorado River* and further developed in *Moses H. Cone* is predicated upon a court's inherent power to control its own docket. *See Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246; *Kruse v. Snowshoe Co.*, 715 F.2d 120, 122 (4th Cir. 1983), *cert. denied*, 465 U.S. at 1065, 104 S.Ct. 1413, 79 L.Ed.2d 739 (1984). Properly employed, *Colorado River* abstention serves to avoid the wasteful duplication of judicial resources. *E.g., Moos v. Wells*, 585 F.Supp. 1348 (S.D.N.Y.1984). However, an improvident application of abstention under *Colorado River* is a "serious abuse of discretion." *Moses H. Cone, supra*, 460 U.S. at 28, 103 S.Ct. at 943. Of course, regardless of the abstention doctrine at issue, district courts must always be mindful of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246. But this obligation is especially weighty where, as here, abstention is sought solely on the grounds of judicial economy. *Id.* at 818, 96 S.Ct. at 1246. This is so because, in contrast to other types of abstention, *Colorado River* abstention does not rest upon "considerations of constitutional adjudica-

---

1. The Court has rejected the parties' proposed pretrial order for failure to comply with L.R. 235–5, N.D.Ga.

2. Barron has filed several related state and county court actions. However, defendant's motion is based solely on the action filed in DeKalb County.

tion and federal-state relations...." *Id.;* compare *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Therefore, before invoking *Colorado River,* a district court must make certain that exceptional circumstances are present.

■ The exceptional circumstances test is not comprised of a "mechanical checklist." *Moses H. Cone, supra,* 460 U.S. at 16, 103 S.Ct. at 937. Instead, in ruling on the instant motion, the Court must apply a flexible approach, relying in large part on the factors set forth in *Colorado River* and *Moses H. Cone.* These factors include, but are not limited to, the following: (1) whether either court has assumed jurisdiction over a disputed res; (2) whether either forum is inconvenient; (3) the desirability of avoiding piecemeal litigation in the type of action at bar; (4) the progress of the two actions; (5) whether state or federal law is controlling; and (6) whether the parties can adequately protect their rights and obtain complete relief in state court. *American Manufacturers, supra,* 743 F.2d at 1525; *Forehand, supra,* 727 F.2d at 1035; *Hartford Accident & Indemnity v. Hop-on International Corp.,* 568 F.Supp. 1569, 1571 n. 5 (S.D.N.Y.1983). In considering these and other relevant factors, there is a presumption in favor of exercising jurisdiction; thus, only a clear and convincing showing by the party seeking a stay will justify *Colorado River* abstention. *Moses H. Cone, supra,* 460 U.S. at 15–16, 103 S.Ct. at 936–37; *Colorado River, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

■ Applying the relevant factors to the instant case, it is clear that a stay is not warranted. Neither the state court nor this Court has been requested to assume jurisdiction over any property. *See American Manufacturers, supra,* 743 F.2d at 1525; *Forehand, supra,* 727 F.2d at 1035; compare *Moos v. Wells, supra,* 585 F.Supp. at 1350. In addition, Spectrum has not suggested that appearing in this Court is any less convenient than appearing in state court.

There is no threat that allowing both actions to remain active will violate an established policy against piecemeal litigation or work an injustice to either party. Spectrum rests much of its argument on the fact that the prompt disposition of the state court action could render moot the instant action. Indeed, if the state court action is tried first and Dr. Glass successfully defends against Barron's malpractice claim, the doctrine of collateral estoppel may well preclude recovery in the instant case. *See Gilmer v. Porterfield,* 233 Ga. 671, 212 S.E.2d 842 (1975). However, this fact does not present the danger of piecemeal litigation that so concerned the *Colorado River* court. In *Colorado River,* abstention was invoked largely because the controlling statute evinced a "clear federal policy ... [of] avoidance of piecemeal adjudication of water rights in a river system." *Colorado River, supra,* 424 U.S. at 819, 96 S.Ct. at 1247. Obviously, this case is devoid of such considerations. Moreover, the Court's refusal to grant a stay will not prejudice Spectrum, since it will be free to raise collateral estoppel arguments in this action.

Spectrum also argues that abstention is appropriate because the state court action is ready for trial and because state law provides the rule of decision. The Court disagrees. Both actions are at an advanced state.[3] Furthermore, the Court cannot abstain simply because state law is

---

**3.** It is worth noting that the Court might well have viewed Spectrum's motion in a more favorable light had it been filed in a timely fashion. The Court has already devoted considerable time and energy to this case, having supervised discovery and ruled on Spectrum's motion for summary judgment. To be frank, it is a little late in the day for Spectrum to express concern about conserving judicial resources.

controlling. The "source-of-law-factor" has its greatest significance where federal law issues are present. *Moses H. Cone, supra*, 460 U.S. at 26, 103 S.Ct. at 942. In such cases, the moving party must make a particularly convincing showing of exceptional circumstances. *Id.* On the other hand, where, as here, state law issues predominate, the source-of-law factor is of diminished importance. A contrary view would mean that abstention would be the rule rather than the exception in duplicative federal actions brought under diversity jurisdiction.

Finally, the Court must consider whether the parties can obtain complete relief in state court. In this regard, it is significant that there is not a complete identity of parties and issues in the two suits. *Hartford Accident & Indemnity, supra*, 568 F.Supp. at 1571 n. 5. As noted above, Spectrum is not a party in the state court action. Consequently, even if Barron were to obtain a verdict against Dr. Glass in state court, this action would be required to determine whether Spectrum can be held vicariously liable under the doctrine of *respondeat superior* or directly liable for negligent hiring. For this reason alone, a stay would be improper.[4]

In sum, because Spectrum has failed to demonstrate that exceptional circumstances are present, its motion to stay the instant action is DENIED.

*Barron's Motion to Join a Necessary Party*

■ Pursuant to Fed.R.Civ.P. 19, Barron seeks to join as co-plaintiff Elizabeth Ann Fisher Toth. Ms. Toth is Barron's ex-wife and decedent's mother. Barron argues that Ms. Toth's involvement in the case is necessary for a just adjudication. The Court rejects Barron's argument.

As Barron correctly points out, because his decedent left no surviving wife or children, Barron and Ms. Toth, as decedent's parents, enjoy a joint right of action pursuant to Off.C.Ga.Ann. § 19–7–1. Apparently, as alleged by Barron, Ms. Toth had been unwilling to participate in the case until recently. In such circumstances, the controlling statute provides that "the other parent shall have the right to contract for representation on behalf of both parents ... with any ultimate recovery to be shared by the parents...." *Id.* Thus, in effect, Ms. Toth's interests are already represented. The fact that she is not a named party will neither impair her ability to protect her interests nor subject either party to inconsistent or multiple obligations. Therefore, Barron has failed to establish that joinder is compulsory under Rule 19. Although it is difficult to discern any potential prejudice to defendant, the Court declines to add an unnecessary party at this advanced stage of litigation.

Accordingly, plaintiff's motion to join a necessary party is DENIED.

---

**4.** As Justice Brennan explained in *Moses H. Cone*,

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any serious doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.... Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case....

460 U.S. at 28, 103 S.Ct. at 943 (citations omitted).