**SAN JACINTO SAVINGS ASSOCIATION, Plaintiff,**

v.

**TDC CORP. OF FLORIDA, et al., Defendants.**

No. 88–1502–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

March 17, 1989.

See also 707 F.Supp. 1579.

**1578**

Gregory G. Jones, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for plaintiff.

Steven D. Merryday, David P. Rhodes, Glenn, Rasmussen, Fogarty, Tampa, Fla., and Larry G. Mathews, Jr., Maura T. Smith, Smith, MacKinnon, Mathews, Orlando, Fla., for defendants.

### ORDER ON MOTION TO STAY

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to stay and Plaintiff's response thereto.

Defendants seek a stay of this litigation pending the resolution of two other related lawsuits, one in Hillsborough County Circuit Court (Case No. 86–20126, filed on November 10, 1986), and one in Seminole County Circuit Court (Case No. 87–1493–CA–09–L).

■ To justify a "stay" the defendants must demonstrate " 'exceptional' circumstances . . . 'with the clearest of justifications.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1144, 99 L.Ed.2d 296 (1988). The Court must address the factors enumerated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). These are: (1) whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties rights. Other factors include: (7) the relative progress of the state and federal proceedings, and (8) the presence or absence of concurrent jurisdiction.

### 1. Whether One of the Courts has Assumed Jurisdiction over the Property

In the related mortgage foreclosure, the Seminole County Circuit Court has assumed jurisdiction over the property. This case is an *in personam* action which does not involve possibly conflicting rulings as to property rights. The absence of this factor "speaks against abstention." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988).

### 2. Inconvenience of the Federal Forum

Defendants do not argue that the federal forum is less convenient than the state forum. Plaintiff notes that many of the important witnesses for this action are located in Tampa. Because there is no contention that the federal forum is less convenient than the state forum, this factor weighs against a stay.

### 3. Potential for Piecemeal Litigation

Defendants allege that the Seminole County action is identical to this action, containing the same facts, same causes of action except for the Federal RICO counts, and same parties. Defendants argue that judicial resources will be wasted if this action is permitted to continue. Plaintiffs respond that there is a different issue before this Court than in state court, and

there is no danger of inconsistent rulings. This factor weighs against a stay.

### 4. Order in Which Forums Obtained Jurisdiction

Jurisdiction was obtained in the Seminole County case on April 27, 1987, and in the Hillsborough County case in 1986. Jurisdiction in this case was obtained on October 5, 1988.

### 5. Application of Federal or State Law

Federal law governs the four Federal RICO counts and Florida law governs the remaining sixteen counts. Defendants contend that the contract and tort issues must be resolved in order to decide the RICO claims. The Court does not agree. Since federal law provides the rule of decision on the merits of the RICO claim, this factor weighs in favor of the federal court's assumption of jurisdiction despite the parallel state litigation.

### 6. Adequacy of Each Forum to Protect Parties' Rights

The Federal RICO counts have been brought before this Court, but not before the state Court. There is no assurance that these claims could be brought in state Court. The remaining claims are before both courts. The Court is not aware of any congressional intent requiring the litigation of substantial federal claims in a state court, *Forehand v. First Alabama Bank of Dothan*, 727 F.2d 1033, 1036 (11th Cir. 1984), and there is no danger of inconsistent verdicts as to property ownership, *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988). This factor weighs against the imposition of a stay.

### 7. Relative Progress of Federal and State Proceedings

Discovery has gone forward in the state proceedings. That discovery provided the predicate for the facts in issue in this case. Plaintiffs note that only five substantive depositions have been taken, and the rest were records depositions. The parties agreed on a joint discovery plan for both federal and state proceedings at the outset, and this case is at present in discovery.

### 8. Concurrent Jurisdiction

There is some doubt as to whether concurrent state jurisdiction exists in RICO cases. *Andrea Theatres v. Theatre Confections, Inc.*, 787 F.2d 59, 62–3 (2d. Cir. 1986).

After balancing the above factors, with the balance heavily weighted in favor of the exercise of jurisdiction, the Court denies the motion to stay as to Counts I through IV. The Court, in its discretion, declines to exercise its pendent jurisdiction over the state claims presented in Counts V through XX. Accordingly, it is

ORDERED that Defendants' motion to stay is denied as to Counts I through IV. It is further

ORDERED that the Court declines to exercise pendent jurisdiction over the state claims presented in Counts V through XX, and these Counts are dismissed.

DONE and ORDERED.