**T. Patrick NACOL, Plaintiff,**

v.

**KEITH WOOD AGENCY, INC., a Texas Corporation, Keith A. Wood, Individually, KWA Financial Corp., a Texas Corporation, and American Health Care Advisory Association, a Non-Profit Corporation, Defendants.**

Civ. A. No. 89–1666–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 14, 1990.

James D. O'Donnell, James D. O'Donnell & Associates, Jacksonville, Fla., for plaintiff.

J. Kent Davenport, Leonard A. Epstein, Trial Counsel, Newman & Davenport, P.C., Dallas, Tex., Steven Lee, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' first amended motion to dismiss or stay this proceeding due to a pending state court action, and in the alternative to dismiss this proceeding against KWA Financial Corporation for want of personal jurisdiction, filed March 12, 1990; Plaintiff's response, filed March 20, 1990; Defendants' supplement to its first amended motion to dismiss or stay due to a pending state court proceeding, filed March 29, 1990; and Plaintiff's response and supplemental response to Defendants' Supplement, filed April 19, 1990 and May 17, 1990, respectively.

The complaint in this cause of action was filed on December 14, 1989, by Plaintiff T. Patrick Nacol. An amended complaint was filed on February 26, 1990. The complaint contains the following counts: (1) breach of contract for commissions and enrollment fees, (2) breach regarding a contract to purchase a Rolls Royce, (3) breach of contract for a vacation, and (4) breach of contract regarding stock.

Defendant, KWA Financial Corporation, seeks dismissal of this lawsuit against it for want of personal jurisdiction. Additionally, all Defendants seek dismissal or a stay of this litigation pending the resolution of a related lawsuit in the 153rd Judicial District Court of Fort Worth, Tarrant County, Texas (Case No. 153–123180–89, filed on September 25, 1989).

*Motion to Dismiss by KWA Financial Corporation for Want of Personal Jurisdiction*

■ As noted by the Defendant, the burden of establishing jurisdiction over the Defendant lies with the Plaintiff. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir.1974). When a motion to dismiss is filed, supported by affidavits, "the non-moving party may not rest merely upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Id.* Where conflicting evidence is presented by both parties through affidavits the court must construe all reasonable inferences in favor of the non-moving Plaintiff. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988). The Plaintiff must establish sufficient "minimum contacts" with the forum state to satisfy due process requirements and the exercise of such jurisdiction must comport with the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■ Defendant filed an affidavit denying any and all activity in the state of Florida. Plaintiff amended his complaint to specifically allege that the Defendant operates throughout the United States including the state of Florida. Plaintiff alleges the existence of a contractual relationship or an agency or principal relationship between the various Defendants including Defendant KWA Financial Corp. Plaintiff presented two documents relating to shareholder agreements, and an affidavit sworn to by Plaintiff, in support of Plaintiff's allegation that Defendant is subject to Florida's long-arm statute.

This Court must consider all evidence presented by the parties in the light most favorable to the Plaintiff. In doing so, this Court is satisfied that the Plaintiff has established sufficient "minimum contacts" between Defendant KWA Financial Corporation and the state of Florida through Plaintiff's sworn affidavit and his supporting documents. Therefore, Defendant KWA Financial Corporation's motion to dismiss for want of personal jurisdiction is DENIED.

*Motion to Dismiss or Stay Due to Pending State Court Proceeding*

■ A stay is preferable to a dismissal since it is possible that the state court proceeding might not address all of the issues before the federal court. A stay preserves jurisdiction in the federal court to resolve all remaining issues. To justify

a "stay" the defendants must demonstrate " 'exceptional' circumstances ... 'with the clearest of justifications.' " *San Jacinto Savings Association v. TDC Corp. of Florida,* 707 F.Supp. 1577, 1578 (M.D.Fla.1989) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 1144, 99 L.Ed.2d 296 (1988)).

 This court must address the factors enumerated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). These are: (1) whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. Other factors include: (7) the relative progress of the state and federal proceedings, and (8) the presence or absence of concurrent jurisdiction.

### 1. Whether One of the Courts has Assumed Jurisdiction Over the Property

This case is an *in personam* action which does not involve conflicting claims to property. "The absence of this factor 'speaks against abstention.' " *San Jacinto Savings Association,* 707 F.Supp. at 1578.

### 2. Inconvenience of the Federal Forum

Defendants argue that all four Defendants have their residences and principal places of business in Fort Worth, Texas. They would have to travel to Florida for any proceedings. Plaintiff acknowledges the fact that Defendants have the right to be deposed at their principal places of business since this is where their books and records are kept. Plaintiff also notes that Defendants have retained Florida counsel. Defendants would be inconvenienced by having to travel to Florida. This factor weighs in favor of a stay; however, this factor must be balanced with the other factors.

### 3. Potential for Piecemeal Litigation

Defendants allege that the claims in both cases are similar and arise out of the same contracts. Defendants also allege that both actions involve the same parties.

Plaintiff is correct in stating that all of the matters in controversy are not parallel. The federal case contains broader allegations. Additionally, at this point in time, the parties are not the same. The Defendants filed a plea in intervention with the Texas court to include Keith Wood, individually, KWA Financial Corporation and American Health Care Advisory Association in the Texas action as parties. However, prior to a decision on this plea, the 153rd Judicial District Court of Fort Worth, Tarrant County, Texas stayed all proceedings pending a decision by this Court. Consequently, the parties are not the same in both actions. This Court is unwilling to assume the Texas court will allow intervention by the Defendants. This factor weighs against a stay.

### 4. Order in Which Forums Obtained Jurisdiction

Jurisdiction was obtained in the Tarrant County, Texas case on September 25, 1989. Jurisdiction was obtained in this case on December 14, 1989.

### 5. Application of Federal or State Law

State law will govern all counts. Either Court is capable of applying state law.

### 6. Adequacy of Each Forum to Protect Parties' Rights

There is no assurance that all of the Plaintiff's claims will be addressed by the state Court since some of his claims are not at issue in the state Court proceeding. Plaintiff states that he elected to bring his diversity action to this Court, thereby closing the door on his ability to bring an action in Texas against the other Defendants or to remove the state Court action to federal Court in Texas. As such, there is no currently pending state Court action which would fully protect the Plaintiff's

 

rights. This factor weighs against the imposition of a stay.

### 7. Relative Progress of Federal and State Proceedings

The Defendants note that the state Court proceeding was filed first, and that discovery has begun. However, this action was filed approximately three months after the state Court proceeding. All action in the state Court proceeding has been stayed pending a decision by this Court. This factor weighs against the imposition of a stay.

### 8. Concurrent Jurisdiction

Defendants argue that the Texas State Court has subject matter jurisdiction over all of the Plaintiff's claims. However, not all of the Plaintiff's claims are before the state court at this time.

After balancing the above factors, this Court finds that a stay is not justified in this case. The motion to dismiss or stay this proceeding due to a pending state court proceeding is DENIED.

In accord with the foregoing:

1. ORDERED that Defendants' motion to Dismiss KWA Financial Corporation for want of personal jurisdiction be DENIED. It is further

2. ORDERED that Defendants' motion to Dismiss or Stay this proceeding due to a pending state court proceeding be DENIED.

DONE and ORDERED.