In the Matter of EBRIGHTS REFRIG-
ERATION EQUIPMENT,
INC., Debtor.

I. L. C. INC., Plaintiff,

v.

EBRIGHTS REFRIGERATION EQUIP-
MENT, et al., Defendants.

Bankruptcy No. 3–80–03242.
Adv. No. 3–81–0285.

United States Bankruptcy Court,
S. D. Ohio, W. D.

July 13, 1981.

J. Joseph Walsh, Dayton, Ohio, for debtor.

Dennis M. Hanaghan, Dayton, Ohio, for plaintiff.

Sam Petroff, Charles P. Crabill, Jr., Springfield, Ohio, for defendant.

George W. Ledford, Englewood, Ohio, trustee.

John D. Foley, Englewood, Ohio, for trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

On 7 July 1980 an action was instituted by I.L.C., Inc. against Ebright Refrigeration Equipment, Inc. and Trueblood, Inc. in the Municipal Court of the City of Dayton seeking a judgment arising out of a contract between the parties for repair of a refrigeration system that had been installed by Ebright in the place of business of Trueblood, in the amount of $4,387.33.

On 4 September 1980 defendant Ebright filed an answer and cross claim against Trueblood, Inc. seeking a judgment for $4,681.83 under the original contract between those parties to install and repair the refrigeration system, which by Ebright had been subcontracted to I.L.C. Inc., and a dismissal of the I.L.C. Inc. action was requested.

On 25 September 1980 Trueblood, Inc. filed an answer and cross claim against Ebright seeking damages in the amount of $19,806.00 for breach of specific and implied warranties with respect to said refrigeration equipment.

Upon motion of Trueblood, the case was then certified to the Court of Common Pleas of Montgomery County, Ohio, because the cross claim exceeded the jurisdictional amount of the Municipal Court.

By order of the Common Pleas Court on 26 February 1981 the matter was referred to a Referee for trial and report on both issues of law and fact, no trial by jury having been requested.

In the meantime, Ebrights Refrigeration Equipment, Inc., Defendant, (although misspelled) in the state court suit filed a voluntary petition and obtained an order for relief under 11 U.S.C. Chapter 7 on 16 October 1980.

On 29 April 1981, George W. Ledford, Trustee in Bankruptcy, removed the state court suit to the Bankruptcy Court.

On 8 June 1981 a preliminary hearing was set in the Bankruptcy Court *sua sponte* to determine jurisdiction over the action and the best interests of the litigants before assigning the case for trial.

## DECISION

█ Bankruptcy Court pursuant to 28 U.S.C. § 1471 has original (but not exclusive) jurisdiction because the state court action is related to the bankruptcy case by reason of debtor being a party defendant and cross-claimant for an asset which may become a part of the estate. The statute, nevertheless, makes it clear that the jurisdiction conferred does not prevent a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding and a decision to abstain or not abstain is rendered not reviewable by appeal or otherwise.

█ The Trustee in Bankruptcy removed the action for his own perceived best interests. The Trustee may remove a case as a matter of right and need not allege or prove any reason for removal.

█ It is important to note that the right of removal and the question of remanding back to the original court are separate and distinct in principle and practice from the question of abstention from jurisdiction. Under 28 U.S.C. § 1471 the original but not exclusive jurisdiction encompasses all civil proceedings "arising in or related to cases under Title 11." As to such jurisdiction the court may abstain from hearing a particular proceeding only "in the interest of justice." Based upon the legislative history giving rise to this almost unlimited jurisdiction, the administration of justice dictates one unified forum for disposition of all matters

related to a bankruptcy case. See 124 Cong.Rec. H. 11,108 (Sept. 28, 1978). The criteria of whether the court should hear and resolve such matters should be such as to almost never countenance abstention unless based upon a determination that the results of the proceeding could not conceivably have any effect upon the estate being administered such as strictly *in personam* causes of action, like divorce. This compares with the traditional case precedents in the United States District Courts in diversity cases excepting domestic relations cases and probate matters from removal statutes. See generally *13 Wright, Miller & Cooper, Federal Practice and Procedures: Jurisdiction § 3609.*

Conversely, there should rarely if ever be abstention as to *in rem* actions in the bankruptcy courts.

The latitude and discretion for remanding a removed case, however, involves many more elements. It is important to note that 28 U.S.C. § 1478(b) confers discretion to remand a "claim" or "cause of action on any equitable ground." This ground is much more discretionary than the traditional and narrower ground applicable to the United States District Courts, under 28 U.S.C. § 1447(c), limited to a case where the removal was "improvidently and without jurisdiction." The necessity for this greater discretion is obvious in light of the much narrower jurisdiction for original suits in the district courts.

■ The reach of this broader discretion before a Bankruptcy Judge should not extend to remanding a case properly removed as of right merely because the court's docket is crowded. See *Thermtron Products, Inc. v. Hermansdorfer* (1976), 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542.

Because the United States District Court jurisdiction in removal was developed around principles of a federal question or diversity, and as to jurisdictional amount, there is considerable opinion that the tread of decisions is for strict construction of removal statutes to restrict and limit removal jurisdiction of the federal courts. See *14 Wright, Miller & Cooper, Federal Practice and Procedures: Jurisdiction § 3721 and cases cited nn. 78–82.* Witness, also, the concentrated dialogue and efforts to abolish the diversity jurisdiction entirely, in recent years.

The Bankruptcy Court shares the burden of all federal courts to explore both the jurisdictional elements and genuine equitable ground *sua sponte.* The removing party *instanter* offers no purpose or reason for trial in a federal court. Expediting disposition of the controversy is certainly not the factor since the case is not only at issue in the state court but has already been assigned for trial before a referee. No federal questions under the United States statutes are involved as to such a contract action. The statements of counsel and the pleadings offer not even a hint that trial in the state court would in any manner interfere with or delay administration of the bankruptcy case. The pleadings reveal, furthermore, that the bankruptcy estate will derive no enhancement by a judgment because of the cross-claims, and the trustee in bankruptcy could serve the other litigants only as a conduit of funds, assuming *arguendo* a judgment most favorable to the Trustee on the suit for money judgment in the amount of $4,681.83.

It is the conclusion of this Court that in determining equitable grounds for remanding to the original court both negative, as well as affirmative, purposes must be countenanced, since only issues of state law are pleaded. The discretion conferred dictates a purpose to be served before depriving another court of jurisdiction and administration undertaken.

■ As a guideline to be applied in the numerous remand questions now pending in this Court, and for similar cases in the future, the following rationale will be implemented, as follows:

(1) The first factor is whether or not the debtor is the sole party plaintiff or defendant, or other litigants are co-plaintiff or co-defendant. If debtor is only one of such multiple parties plaintiff or defendant, other equities will control.

(2) If debtor is a sole party, and more than *in personam* jurisdiction is involved, remand would practically never be made, unless on factors mentioned below.

(3) If a federal question is involved remand would practically never be made, despite factors mentioned below.

(4) If legal issues in the original court are, or may be, incompatible with rights under federal law, such as a foreclosure action affecting the *res* in a Chapter 11 or a Chapter 13 case, remand would practically never be made unless an automatic stay or stay order relief has been granted previously.

(5) If all of the above factors have been examined, and it is demonstrated by the pleadings in the original court that the trustee in bankruptcy or debtor in possession could serve only as a conduit to distribute funds or property to the other parties involved in the litigation because of counter claims not seriously denied, remand would be granted in the best interests of all parties to minimize administrative costs.

(6) If only questions of state law have been pleaded, and all of the foregoing factors have been applied, but it is demonstrated that the matter is set for an immediate trial and the administration of the bankruptcy case will, in fact, be expedited, a remand should be granted, such as in the instant case wherein purely factual questions can be resolved by a referee already appointed and a trial date fixed since a special master for such purposes would not be appropriate.

In short, the outcome of the factual determination could have no effect on the res of the bankruptcy estate, serving merely to resolve controversies among ancillary parties.

■ Even though both the territorial and subject matter jurisdiction for removal of actions is broader as to bankruptcy courts under 28 U.S.C. § 1471 than that conferred upon district courts under 28 U.S.C. § 1441(e), the equitable grounds for remanding include general principles of comity between state and federal courts, assuming concurrent jurisdiction and the absence of a federal question or a potential interference in the expeditious administration of bankruptcy cases. The exercise of jurisdiction by the state court demands deference at the status of the case *instanter* because there is no likelihood of any delay in the administration of the bankruptcy case.

■ ORDERED that in the interest of justice, therefore, the bankruptcy court should abstain from hearing the proceedings, and the case should be remanded to the state court which has already prepared for trial and consideration should be based upon the equities of the other litigants.

ORDERED, that the removed case should be, and is hereby, remanded to the Common Pleas Court to proceed with an adjudication of the factual controversy pertaining to the breach of contract cause of action, but exclusive jurisdiction is retained in the bankruptcy court as to the legal effects of such a judgment in the distribution of funds to creditors from the bankruptcy estate.