**In re SUNSET WHITNEY COUNTRY CLUB ASSOCIATES, a California Limited Partnership, Debtor.**

**Bankruptcy No. 280–02855–D–11.**

United States Bankruptcy Court, E. D. California.

Feb. 4, 1982.

Daniel Dauenhauer, Law Offices of Perkovich, Dauenhauer & Gums, Sacramento, Cal., for Margaret N. Kaveney, et al., state court plaintiffs.

Carol Mills, Law Offices of Russell, Jarvis, Estabrook & Dashiel, Sacramento, Cal., for trustee in Bankruptcy, James E. Cussen.

William N. McGrane, Jr., San Francisco, Cal., for creditor, Golden Bear Leasing.

## MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO REMAND

LOREN S. DAHL, Bankruptcy Judge.

This matter is before the court on the application of GOLDEN BEAR LEASING to remove Sacramento County Superior Court Action No. 299743 pursuant to 28 U.S.C. section 1478. GOLDEN BEAR is a creditor of SUNSET WHITNEY COUNTRY CLUB ASSOCIATES, the debtor in these bankruptcy proceedings, and GOLDEN BEAR is the named defendant in the Sacramento County Superior Court action. In response to the GOLDEN BEAR LEASING application to remove pursuant to 28 U.S.C. section 1478, the plaintiffs in the state court action, MARGARET N. KAVENEY, et al., have filed an application to remand Case No. 299743 to the Sacramento County Superior Court pursuant to 28 U.S.C. section 1478.

The named plaintiffs in the Sacramento County Superior Court action are: MARGARET N. KAVENEY, individually and doing business as SUNSET WHITNEY COUNTRY CLUB; SUNSET WHITNEY COUNTRY CLUB, a California Limited Partnership; ALTA SIERRA COUNTRY CLUB, a California Limited Partnership; AUBURN VALLEY GOLD CLUB, LTD., a California Limited Partnership; SAN BERNARDINO INVESTORS, a California Limited Partnership; CALIFORNIA PROPERTY CONSULTANTS, a California Corporation; and GARY S. KAVENEY.

Each of the individual plaintiffs in the Sacramento Superior Court action are either debtors before this Court in their own individual bankruptcy proceedings, or they are entities wherein GARY S. KAVENEY is a general partner, or they are both.

The facts of this matter present a classic case for removal pursuant to 28 U.S.C. sec-

tion 1478. First, GOLDEN BEAR LEAS-ING is the named party defendant in the state court action and it is a creditor of SUNSET WHITNEY in the instant bankruptcy case. Either of these statuses would qualify GOLDEN BEAR as a "party" under the provisions of 28 U.S.C. section 1478. Thus, GOLDEN BEAR has standing to bring the instant application for removal. Secondly, all of the issues in the state court action and those in the bankruptcy cases pending before this Court arise from a common nucleus of facts. Certainly the equitable considerations of the matter favor a resolution of all the issues, both state court and bankruptcy, in one trial before this Court. This procedure will avoid rather than create duplicitous litigation and it will expedite the completion of the bankruptcy cases presently pending before this Court.

Finally, this Court has jurisdiction over all of the party plaintiffs in the state court action either because they are debtors in their individual capacities before this Court or because GARY S. KAVENEY is a general partner in the entity.

Applying the facts of the instant case to the remand guidelines set forth in *In the Matter of Ebright's Refrigeration Equipment, Inc., Debtor,* (S.D.Ohio 1981), 13 B.R. 546, the equitable considerations weigh most heavily in favor of removal. For the above-stated reasons, it is

ORDERED that the application to remand by MARGARET N. KAVENEY, et al., is denied.