Bertha JAFFE, Plaintiff,

v.

Richard H. CLARKE, Audrey A. Matlock, Peter Nadin, Rose Rosenblatt, Sharon Sachs, James F. Welty, Mariellen Willhaus, John Doe and Jane Doe, Defendants.

No. 82 Civ. 481 (PNL).

United States District Court,
S.D. New York.

July 21, 1983.

Hill, Betts & Nash, Mark M. Jaffe, Gary J. Wolfe and Gelbwaks & Pollack, Aaron Gelbwaks, New York City, for plaintiff.

Fischbein, Olivieri Rozenholc & Badillo, Kenneth G. Schwarz, New York City, for defendants.

## OPINION AND ORDER

LEVAL, District Judge.

Plaintiff Bertha Jaffe owns the buildings at 80–86 West Broadway. She asserts several causes of action against residential tenants of those buildings who have participated in a rent strike since March 1, 1981. Jurisdiction is based on diversity of citizen-

ship. Jaffe moves pursuant to Fed.R.Civ.P. 65 for an order directing defendants *pendente lite* to pay to plaintiff or into the Court rents and "use and occupancy" in arrears and as accruing. Defendants move to dismiss. Plaintiff's motion is denied; the action is stayed for the reasons given herein.

## I

In this circuit, a plaintiff is entitled to preliminary injunctive relief on a showing of irreparable injury, combined with either a likelihood of success on the merits, or a fair ground of litigation and a balance of hardships tipping decidedly in plaintiff's favor. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). Jaffe has not demonstrated irreparable injury and is therefore not entitled to the relief she seeks.

The potential harm to plaintiff is a monetary loss compensable by damages. She contends that the value of her property has been diminished; that the payments she has received from the buildings' non-striking commercial tenants have not offset the amounts she has expended on the buildings' maintenance and in providing services to all tenants (including those who are participating in the rent strike); that she may encounter difficulty obtaining financing to bring the buildings into conformity with the loft law within the brief time period established by the law; and that defendants may not have sufficient assets to satisfy a judgment if they are not forced to set aside rent payments as they accrue. Jaffe also contends that she has been forced to postpone her retirement, that defendants' actions are calculated to thwart a sale of the property and that this litigation has caused her substantial aggravation and discomfort.

The injury on which plaintiff relies is monetary. She has made no showing that it would not be cured by adjudication of the many issues in dispute between her and her tenants and a damage award. Although plaintiff claims the individual tenants would not be able to pay a damage award, no such showing has been made. Nor has any sufficient showing been made to support the other claimed harm. Since plaintiff has failed to show that this is the "exceptional case in which a monetary loss could not be compensated by an award of money damages, as where, for example, the movant shows that the loss would force him into bankruptcy," I conclude that "a preliminary injunction is inappropriate ...." *Sperry International Trade, Inc. v. Israel*, 670 F.2d 8, 12 (2d Cir.1980) (citations omitted).

Plaintiff's motion for preliminary relief is denied.

## II

Defendants advance three arguments in support of their motion to dismiss. They argue first that this court lacks subject matter jurisdiction over the action, second that the complaint fails to state a claim for which relief should be granted, and third that the court should abstain from exercising its jurisdiction. I find that abstention is warranted.

This is an appropriate case for abstention under the doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). In *Burford,* the Supreme Court held it appropriate for a federal court to abstain from exercising jurisdiction where a state's interest in carrying out its domestic policy predominates, especially if proceedings in the federal courts are likely to add little to, or even detract from, the state's highly organized system of regulation and review. That doctrine has been invoked by judges of this district to justify abstention in landlord-tenant disputes that find their way into this court. *See, e.g., Arnav Industries, Inc. v. Dreskin*, 551 F.Supp. 461 (S.D.N.Y.1982); *Pikus v. Hughes*, 82 Civ. 2151 (S.D.N.Y. June 3, 1982), *aff'd without opinion* (2d Cir. Aug. 17, 1982).

This is a case in which the court has discretion to and should abstain. Although the landlord seeks to characterize this suit as a simple action for damages, not functionally distinguishable from innumerable

tort and contract actions arising under state law which are litigated in federal court by parties who reside in different states, it is fundamentally different. It is a landlord-tenant dispute waged under the state's and the city's elaborate regulatory codes in which the defendants, the tenants, claim countless failures on the landlord's part to perform a landlord's statutory duties. The relationships of loft landlords and tenants are subject to a variety of laws and regulations, including the recently enacted loft law, N.Y.Mult.Dwell.Law Art. 7–C. The legislature has seen fit to commit the administration of this complex body of law to the overlapping jurisdictions of the Loft Board, the Civil Court and the Supreme Court. Those agencies and courts are accustomed to resolving disputes such as this. They are in the process of interpreting the applicable statutes and developing a consistent body of law. Landlord-tenant law, especially under elaborate municipal housing codes, is characteristically complex and of peculiarly local applicability and interest. It is commonly administered by regulatory bodies, quasi-judicial tribunals, specialized courts and local courts of general jurisdiction. Those agencies and courts develop expertise and, it is hoped, consistent policies and understandings in the interpretation and administration of those complex codes.

Forum shopping attempts by out-of-state landlords to avoid the state tribunals detract from the state agencies' and courts' efforts to develop harmonized precedent and enmesh the federal court in complex matters of essentially local concern.

I think it inappropriate for the federal court to exercise its diversity jurisdiction in cases such as this. The mere fact that the landlord resides across the river in New Jersey and can claim the elements of diversity jurisdiction does not overcome the strong reasons to bar this kind of forum shopping and to abstain from the exercise of federal jurisdiction over such matters of local regulatory interest.

In this case, furthermore, litigation has long been pending in New York City's Civil Court which will resolve many of the disputed claims between the parties.[1]

The landlord claims that complete relief is not available to her in that court. The tenants claim, however, and the landlord does not disagree, that complete relief is available to the landlord in the New York Supreme Court and that the landlord has (or had) the right to transfer the existing Civil Court proceeding into Supreme Court to be consolidated with an action for eviction or ejectment.

The landlord argues further that she has been prejudiced by the delay during the pendency of this action in this court. This is a bootstrapping argument. Plaintiff recognized full well in bringing the action here that it was an unconventional move which had been rejected by this court when attempted by others in the past. Plaintiff nonetheless, in the face of adverse precedent, pursued that course and argued that there were reasons justifying the exercise of jurisdiction in this case, including an argument that the federal court was better suited by virtue of its lack of experience in such matters to decide the questions of state law with a fresh unformed attitude. Plaintiff knew at all times there was a prevailing likelihood the federal court would abstain. The fact that she convinced the court to pause and give careful thought to the issue before deciding to abstain cannot now be used to argue that abstention, even if previously proper, is no more.

Furthermore, plaintiff will suffer no prejudice. The suit, although stayed, will not be dismissed unless defendants' counsel file an undertaking: (i) to accept service of process on behalf of the tenant-defendants in a state court proceeding; (2) not to raise on their behalf any claim of time bar which would not have been applicable to this action; and (3) to treat all discovery taken in this action as if it had been taken in such a state court action.

1. The judge in that case has advised this court that that action remains undecided because the landlord, with consent of the tenants, has urged

that decision be delayed. The parties suggest this is a misunderstanding and claim to have made no such suggestion or request.

## III

The motion for preliminary injunction is denied. The action is hereby stayed. It will be dismissed upon compliance with the conditions specified.

SO ORDERED.