Walter MOOS, Plaintiff,

v.

Gary WELLS and Terry Tiringer,
Defendants.

84 Civ. 0725 (RWS).

United States District Court,
S.D. New York.

May 23, 1984.

Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P.C., New York City, for plaintiff; Steven W. Stutman, New York City, of counsel.

Fischbein, Olivieri, Rozenholc & Badillo, New York City, for defendants; Stuart F. Gruskin, New York City, of counsel.

OPINION

SWEET, District Judge.

Plaintiff Walter Moos ("Moos"), a citizen of Canada and putative owner of the second floor loft in the apartment building at 133–35 Greene Street in Manhattan ("Building"), commenced this diversity action to evict and collect back rent from his tenants, defendants Gary Wells ("Wells") and

Terry Tiringer ("Tiringer"), who are New York residents. Defendants have moved to dismiss Moos' action for failure to state a claim and, alternatively, on the ground that this court should abstain from exercising jurisdiction. For the reasons stated below, the court concludes that abstention is appropriate and the action is dismissed.

In December 1979, the owners of the Building filed with the New York State Attorney General a plan to convert the premises to cooperative ownership. The plan stated that the Building was occupied only by commercial tenants and was not suited for residential use. On April 3, 1980, Wells, Tiringer, and several other tenants commenced an action in Supreme Court, New York County, against the sponsor of the conversion, the manager of the Building and the Attorney General, arguing that, under the applicable state and municipal laws, the plaintiffs were residential tenants and thus had exclusive rights to purchase the shares allocated to their lofts. The tenants sought a declaratory judgment affirming their rights as rent-stabilized tenants and declaring the conversion plan void. The tenants also moved for a preliminary injunction prohibiting the sale of their lofts to nontenants. In April 1980, Justice Thomas V. Sinclair, Jr. issued a temporary restraining order enjoining such sales. In May 1980, Justice Norman C. Ryp ordered that the stay be extended. In November 1980, Justice Ryp issued a preliminary injunction prohibiting the sale of the lofts to nontenants, to remain in effect until the tenants' action is resolved. The injunction is still in effect.

In apparent violation of the stay, the sponsor sold several lofts to nontenants. Moos purchased the shares allocated to Wells' and Tiringer's loft. In March 1981, after learning of the tenants' action, Moos and other outside purchasers brought suit in Supreme Court, New York County, against the sponsor, alleging that the conversion plan was fraudulent and seeking damages. That action is still pending.

Moos filed the instant action in January 1984 alleging, among other things, that

Wells and Tiringer: altered their loft without procuring building permits; failed to provide Moos access to the loft in violation of Article 7C of New York's Multiple Dwelling Law; used the loft as a hotel in violation of their lease and the New York City Administrative Code; refused to comply with requests to cure the alleged defects; ignored termination notices; refused to pay a fair and reasonable rent; and created a nuisance by causing a constant flow of traffic to and from their loft and allowing their dog to defecate in public areas.

■ This court is required to abstain from deciding this landlord-tenant dispute under the doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* requires that a federal court avoid needless conflict with a highly developed state regulatory system designed to implement state policy. *See Kaiser Steel Corp. v. W.S. Ranch Co.*, 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968) (federal court should abstain from deciding state law issues of vital concern to the state); C. Wright, *Law of Federal Courts* § 52 at 308 (4th ed. 1983).

In several cases, this court has held that *Burford* prevents federal courts from deciding landlord-tenant disputes. *See, e.g., Jaffe v. Clarke*, 566 F.Supp. 1500 (S.D.N.Y. 1983), *aff'd mem.*, (2d Cir. Feb. 6, 1984); *Arnav Industries, Inc. v. Dreskin*, 551 F.Supp. 461 (S.D.N.Y.1982). As explained by the Honorable Pierre N. Leval in his recent opinion in *Jaffe:*

The relationships of loft landlords and tenants are subject to a variety of laws and regulations, including the recently enacted loft law, N.Y.Mult.Dwell.Law Art. 7–C. The legislature has seen fit to commit the administration of this complex body of laws to the overlapping jurisdictions of the Loft Board, the Civil Court and the Supreme Court. Those agencies and courts are accustomed to resolving disputes such as this. They are in the process of interpreting the applicable statute and developing a consistent body of law. Landlord-tenant law

... is characteristically complex and of peculiarly local concern. 566 F.Supp. at 1502.

■ In the instant case, as in *Jaffe*, Moos' claim turns on state and municipal housing law, with which state courts are most familiar. Moreover, this case involves an aspect of state housing law of peculiarly local concern, which is controlled by comprehensive state legislation—the rights of residential tenants when a rental property is converted to cooperative ownership. *See* N.Y.Gen.Bus.Law § 352–eeee. Under these circumstances, to accept jurisdiction would be to invite the conflict in federalism that *Burford* abstention is designed to prevent, since "[a]bstention is particularly appropriate when dealing with a 'complicated and comprehensive regulatory statute intended to strike a balance between differing local interests.'" *Smith v. Metropolitan Property & Liability Insurance*, 629 F.2d 757 (2d Cir.1980), *quoting Brown v. First National City Bank*, 503 F.2d 114, 118 (2d Cir.1974).

■ In addition, abstention is appropriate under the doctrine of *Colorado River Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This doctrine empowers a federal court to abstain from assuming jurisdiction over an action until a related state court action is resolved. *Id.* Because of the "virtually unflagging obligation of the federal courts to exercise jurisdiction given them," this abstention doctrine may be invoked only in exceptional circumstances. *Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246. The factors which are relevant to a determination of whether exceptional circumstances exist vary from case to case. *Moses H. Cone, supra*, 103 S.Ct. at 937.

In the instant case, several of the factors suggested in *Moses H. Cone* demonstrate that exceptional circumstances are present. There are two state court actions involving the building in question. The injunction issued by Justice Ryp is still in effect, illustrating that the state court has assumed jurisdiction over the res. The assumption of jurisdiction over a disputed res by a concurrent forum is an exceptional circumstance suggesting the applicability of abstention. *See id.* at 939. Moreover, if Wells, Tiringer and the other tenants prevail in state court, the conversion plan may be declared void. In that event, an eviction order from this court would be in direct conflict with the state court action. Finally, as stated previously, the rights of the parties must be determined exclusively by reference to state and municipal housing law. *See id.* at 937. Moos argues that this court should not abstain because the tenants have failed to prosecute the state court action. However, the instant action is also in its preliminary stage, and Moos has not suggested that he cannot adequately protect his interests in state court. Therefore, abstention is appropriate under *Colorado River* and *Moses H. Cone*.

■ Abstention under *Colorado River* and *Moses H. Cone* normally requires a stay of the federal action rather than dismissal, *see, e.g., Hartford Accident & Indemnity v. Hop-on-Intern. Corp.*, 568 F.Supp. 1569 (S.D.N.Y.1983), especially where, as here, the claims in the federal action are not expressly raised in the state court. However, *Burford* abstention "calls for the surrender of federal jurisdiction, not its mere postponement...." *Construction Aggregates Corp. v. Rivera de Vicenty*, 573 F.2d 86, 89 (1st Cir.1978). Accordingly, defendants' motion is granted. The clerk is directed to enter judgment dismissing the complaint.

IT IS SO ORDERED.

DATED: New York, N.Y.

May 23, 1984