In re RIVERSIDE NURSING HOME,
(a partnership), Debtor.

REDNEL TOWER, LTD., Petitioner,

v.

RIVERSIDE NURSING HOME, and
New York State Department of
Health, Respondents.

82 B 20338 (HS).
92 Civ. 4641 (VLB).

United States District Court,
S. District of New York.

Sept. 3, 1992.

Serchuk & Zelermyer, White Plains, N.Y., for Rednel Tower, Ltd.

Zane and Rudofsky, New York City, for Riverside Nursing Home.

## ORDER

VINCENT L. BRODERICK, District Judge.

The proposed findings of facts and conclusions of law of Hon. Howard Schwartzberg, United States Bankruptcy Judge, in the above matter dated June 23, 1992 as amended September 2, 1992, are approved and adopted; the sole objection was withdrawn by stipulation dated August 10, 1992 and which I so ordered on August 24, 1992.

SO ORDERED.

## DECISION ON MOTION FOR AN ORDER REMANDING THE STATE COURT EVICTION PROCEEDING

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Rednel Tower, Inc. ("Rednel"), the owner of the debtor's premises, has moved pursuant to 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9014 for an order remanding its summary eviction proceeding against the debtor, Riverside Nursing Home ("Riverside"), to the Supreme Court of the State of New York, County of Rockland ("State Court") from which the action had been removed by Riverside under 28 U.S.C. § 1452(a). In support of its motion Rednel argues that this court lacks subject matter jurisdiction over the eviction action because it is not a core proceeding or a proceeding related to a bankruptcy case under 28 U.S.C. §§ 1334 and 157. Rednel further asserts that even if this court does have jurisdiction over the eviction proceeding, the State Court should preside over the action because it primarily involves state law issues and its outcome will have no effect on the administration of Riverside's bankruptcy case.

Riverside opposes Rednel's motion and asserts that this court is the proper forum for the eviction action for several reasons. Initially, Riverside argues that this court has jurisdiction over the subject matter of the eviction proceeding under 28 U.S.C. §§ 1334 and 157. Riverside also contends this court should preside over the eviction proceeding on equitable grounds because the outcome of the action will have a significant effect on the implementation of Riverside's confirmed Chapter 11 plan of reorganization and because questions of bankruptcy law predominate over state law issues. In addition, Riverside asserts that Rednel is barred from bringing the state law eviction proceeding because Rednel has already elected to obtain an order from this court to appoint a receiver to operate the debtor. Finally, Riverside argues that Rednel is prohibited by the doctrine of judicial estoppel from pursuing the eviction action because Rednel has already assumed a position in this case which is inconsistent with the position that it is taking now.

## PROPOSED FINDINGS OF FACT

Riverside filed a voluntary petition for reorganizational relief on June 3, 1982 under Chapter 11 of the United States Bankruptcy Code. In accordance with 11 U.S.C. §§ 1107 and 1108, the debtor has continued in the possession, management, and operation of its business, a nursing home located in Haverstraw, New York. Rednel is the owner of the premises occupied by Riverside pursuant to a referee's deed delivered to Rednel and recorded on April 15, 1986. By a stipulation dated February 3, 1989 and so-ordered by the court on February 8, 1989, Riverside agreed to turn over the premises it occupies to a transferee designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York within thirty days after confirmation of Riverside's Chapter 11 plan.

On July 13, 1989, this court approved Riverside's First Amended Plan of Reorganization and an order confirming the plan was duly entered. The plan incorporated the February 3, 1989 agreement between Riverside and Rednel and provides in pertinent part as follows:

> Thirty days after the effective date, the debtor's operations shall be turned over to a transferee designated by Rednel and approved by the New York State Department of Health and the Public Health Council of the State of New York. If a transferee has not been so approved, then subject to approval of a receiver agreement by the United States Bankruptcy Court for the Southern District of New York, the debtor shall then consent to the appointment of a voluntary receiver appointed pursuant to New York Public Health Law § 2810.

*First Amended Plan of Reorganization,* at para. 5.06. Thereafter, in November of 1989, Rednel submitted a voluntary receiver agreement to Riverside which named Northern Metropolitan Residential Health Care Facility, Inc. ("Northern Metropolitan") as the receiver. This proposed agree-

ment was submitted for approval to the New York State Department of Health on November 17, 1989. Riverside did not sign the agreement although it was signed by Rednel, Northern Metropolitan, and the office of Health Systems Management of the New York State Department of Health.

In February, 1992, Rednel moved before this court for a post-confirmation order directing Riverside to execute an agreement providing for the transfer of the nursing home to Northern Metropolitan as voluntary receiver. Following a hearing on the motion, this court, in a written decision, approved the receivership agreement designating Northern Metropolitan as the voluntary receiver and directed Riverside to consent to the agreement and to execute any instrument required to achieve Northern Metropolitan's appointment as a voluntary receiver. *In re Riverside Nursing Home,* 137 B.R. 134 (Bankr.S.D.N.Y.1992). Riverside appealed this court's decision to the district court. After a hearing, Chief Judge Charles Brieant affirmed this court's ruling. Thereafter, on March 11, 1992, Judge Brieant entered a consent order submitted by the parties. The order provides, in relevant part, as follows:

> ORDERED that nothing herein shall preclude Rednel ... or any other party from exercising whatever right, if any, such parties may have under the laws of the State of New York, including, but not limited to, ... a summary proceeding under Articles 2 or 7 of the New York Real Property Actions and Proceedings Law, without prejudice to any objections or defenses Riverside may have....

*Consent Order,* para. 3. Riverside has further appealed to the United States Court of Appeals for the Second Circuit. That appeal will be argued before the Second Circuit next month.

During the appeal process, Rednel commenced a summary eviction proceeding against Riverside in the State Court pursuant to New York State Real Property Action and Proceedings Law § 713(5). The summary eviction action was based on Rednel's assertion that as a result of its foreclosure action, Riverside's leasehold interest was terminated by a judgment dated April 15, 1986. Riverside removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027, alleging that the district court has jurisdiction over the subject matter of the action because it is a core proceeding under 28 U.S.C. § 157(b). The district court referred the matter to this court. Rednel now moves before this court for an order remanding the eviction proceeding to State Court.

Rednel argues that this court should remand the eviction action to the State Court for two reasons: First, that this court lacks subject matter jurisdiction over the proceeding. The action is not core under 28 U.S.C. § 157(b) because it does not directly implicate a provision of title 11 of the United States Code. The action is not related to Riverside's Chapter 11 case under 28 U.S.C. § 157(c) because its outcome would not have an impact upon the administration of Riverside's estate in bankruptcy or upon the implementation of its plan of reorganization. Riverside's Chapter 11 plan provides for the transfer of its facilities and the cessation of its operations.

Second, that this court should remand the action on equitable grounds pursuant to 28 U.S.C. § 1452(b). Rednel alleges that the State Court is the proper forum to preside over the action because the proceeding primarily involves New York's complex landlord tenant law and because the action does not relate to Riverside's case in bankruptcy. Furthermore, Rednel alleges that it will be severely prejudiced if the eviction action is not remanded to State Court because state court eviction actions are tried expeditiously in the form of a summary proceeding.

Riverside opposes Rednel's motion and alleges that the eviction proceeding should be tried before this court. Riverside argues that this court has subject matter jurisdiction over the eviction proceeding, alleging that the matter is core because it directly relates to its plan of reorganization wherein this court retained jurisdiction to adjudicate controversies in connection with

the plan. Even if it is not a core proceeding, Riverside contends that this court has jurisdiction over the eviction proceeding because it is related to a bankruptcy case under 28 U.S.C. §§ 1334(b) and 157(c) in that its outcome will have an effect on the implementation of Riverside's confirmed plan of reorganization.

In addition, Riverside urges this court not to remand the eviction action for the following equitable reasons: (1) The outcome of the proceeding will have an overwhelming effect on the consummation of Riverside's plan of reorganization; (2) The eviction proceeding presents issues of bankruptcy law which should be decided by the bankruptcy court; (3) The state law upon which the eviction proceeding is based is clear on its face; and (4) Rednel will not be prejudiced if this court presides over the action.

Riverside further argues that Rednel is barred from bringing the eviction action by the doctrine of election of remedies because it has elected to pursue a remedy for Riverside's refusal to relinquish control of the nursing home facility in federal court. Rednel cannot proceed in the state court because it has already obtained an order from this court authorizing it to appoint a voluntary receiver. Additionally, Riverside alleges that Rednel is prohibited from bringing the eviction action at this time by the doctrine of judicial estoppel which prevents a party from taking a position in a case which is contrary to the posture that it previously assumed. Riverside argues that Rednel's eviction action, by which it seeks to oust Riverside from the nursing home facility, is inconsistent with its prior application to this court to appoint a voluntary receiver to operate the facility.

## DISCUSSION

### Subject Matter Jurisdiction

Original jurisdiction of all cases under title 11 and all civil proceedings arising under title 11, or arising in or related to cases under title 11 is conferred upon federal district courts pursuant to 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(b), bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. Additionally, bankruptcy judges are empowered by 28 U.S.C. § 157(c) to hear a proceeding that is not a core proceeding if it is otherwise related to a bankruptcy case. For this court to have subject matter jurisdiction over Rednel's eviction action, the proceeding must either be core or related to Riverside's Chapter 11 case.

■ Riverside argues that the eviction action is a core proceeding under 28 U.S.C. § 157(b)(1) in that it either arises under title 11 or in a case under title 11. For a case or proceeding to arise under title 11, the relief sought must be based on a right created by title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987); *National City Bank v. Coopers & Lybrand (In re Wickes)*, 802 F.2d 990, 994 (8th Cir. 1986); *Carlton v. BAWW, Inc. (In re Shelton)*, 751 F.2d 781, 787 (5th Cir.1985); *In re Kolinsky*, 100 B.R. 695, 701 (Bankr. S.D.N.Y.1989); *In re Chargit, Inc.*, 81 B.R. 243, 247 (Bankr.S.D.N.Y.1987). Manifestly, Rednel's action to evict Riverside from the nursing home facility that it occupies does not arise under title 11 because the action does not invoke any provision of title 11. Rather, the action is based upon rights created by state law.

■ Rednel's action also does not arise in a case under title 11. A matter arises in a case under title 11 if it is a proceeding that, by its nature, could only arise in a bankruptcy case and has no existence outside of the bankruptcy. *Wood*, 825 F.2d at 97. Rednel's eviction action is not a proceeding that could only occur in the framework of a bankruptcy case. It is a state law cause of action that, absent a bankruptcy, would have been advanced in the State Court.

■ Because the eviction action is not a core proceeding, for this court to have subject matter jurisdiction, the action must be related to Riverside's bankruptcy case in accordance with 28 U.S.C. § 157(c). The standard test for determining whether a

civil proceeding is related to a bankruptcy case is

whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (citations omitted).

■ Under this test, the eviction action pending before this court is related to Riverside's bankruptcy case. The outcome of the proceeding may affect the administration of the estate in bankruptcy. The ouster of Riverside from the nursing home could possibly have an impact upon the implementation of Riverside's Chapter 11 plan which requires that Riverside transfer the facility to a voluntary receiver. The determination of the eviction action may also affect Riverside's right to possess and occupy the nursing home until a voluntary receiver is appointed in accordance with the plan. Because the eviction action is related to a bankruptcy case in accordance with 28 U.S.C. § 157(c), this court has subject matter jurisdiction over the proceeding.

It should be noted that under 28 U.S.C. § 157(c) a bankruptcy judge may hear a proceeding that is not core but is otherwise related to a bankruptcy case, such as this action. However, the bankruptcy judge may not determine or enter final orders in a related case without the consent of all parties pursuant to 28 U.S.C. § 157(c)(2). Absent such consent, a bankruptcy judge is required to submit proposed findings of facts and conclusions of law to the district court. A district court judge will enter any final order or judgment after considering the bankruptcy judge's proposals. This court will therefore submit to the district court proposed findings of facts and conclusions of law.

### Remand On Equitable Grounds

■ Even though this court has jurisdiction over the subject matter of this proceeding, the action may, nevertheless, be remanded to the State Court for equitable reasons. A bankruptcy court may remand an action to the state court from which it was removed pursuant to 28 U.S.C. § 1452(b). Under this section a "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The equitable considerations that warrant a decision to remand under 28 U.S.C. § 1452(b) include; (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court. *In re Drexel Burnham Lambert Group v. Vigilant Ins.,* 130 B.R. 405, 407 (S.D.N.Y.1991). When applied to the facts of this case, as Rednel asserts, these equitable factors favor remanding the action to State Court.

■ Rednel's primary argument in support of its motion to remand is that the eviction proceeding is based upon an elaborate section of New York State Real Property law. Courts have generally indicated that state courts are better able to respond to actions primarily involving state law such as the instant eviction proceeding. *Id.* at 408; *In re Comtek Elec., Inc.,* 23 B.R. 449, 451 (Bankr.S.D.N.Y.1982); *In re Wild Oaks Util., Inc.,* 18 B.R. 959, 964 (Bankr.S.D.N.Y.1982); *In re Alton Tel. Printing Co., Inc.,* 16 B.R. 787 (Bankr. S.D.Ill.1981); *In re Ebrights Refrigeration Equip. Co.,* 13 B.R. 546 (Bankr.S.D.Ohio 1981). Adjudication of the eviction proceeding requires the application of New York State's complex landlord and tenant law. Disputes arising under this body of law are most efficiently and appropriately determined by state courts. *See Moos v. Wells,* 585 F.Supp. 1348 (S.D.N.Y.1984);

*Jaffe v. Clarke,* 566 F.Supp. 1500, 1502 (S.D.N.Y.1983), *aff'd,* 742 F.2d 1436 (2d Cir. 1984).

Rednel also argues that the eviction proceeding should be remanded because it does not affect the administration of Riverside's estate in bankruptcy and is only remotely connected to the Chapter 11 case. It is evident that the determination of the eviction proceeding will not have a significant impact on the administration of the bankrupt estate because Riverside's confirmed plan of reorganization contemplates the transfer of the nursing home facility to a receiver appointed by Rednel. Indeed, the termination of Riverside's operation and control over the facility is consistent with the plan. Furthermore, the relationship between the eviction action and Riverside's bankruptcy case is tenuous. Riverside's bankruptcy case is essentially over. All that remains is the implementation of the plan of reorganization which will not at all be frustrated by the resolution of the action.

Rednel will be prejudiced if the eviction action is not remanded to State Court. In State Court, Rednel can prosecute the action in the expeditious form of a summary proceeding pursuant to New York Civil Practice Laws and Rules. A summary proceeding is not available in this court which must follow the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

 Rednel's eviction action should also be remanded according to the principles that authorize mandatory abstention. The equitable grounds that warrant a decision to remand under 28 U.S.C. § 1452(b) are similar to the factors that authorize abstention under 28 U.S.C. § 1334(c). *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga. 1989); *In re Chiodo,* 88 B.R. 780, 785 (W.D.Tex.1988); *Lomas & Nettleton Co. v. Warren,* 125 B.R. 128, 130–31 (Bankr. E.D.Pa.1991); *Wild Oaks Util.,* 18 B.R. at 963. Indeed, a proceeding may be remanded when abstention is mandatory under 28 U.S.C. § 1334(c)(2). *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 584

(6th Cir.1990); *Chiodo,* 88 B.R. at 785. The three requirements for mandatory abstention are; (1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case; (2) the proceeding could not have been commenced in federal court but for the bankruptcy; and (3) the state court can timely adjudicate the cause of action. 28 U.S.C. § 1334(c)(2).

These conditions have been satisfied in the instant case. The eviction action is not a core proceeding arising under title 11 or in a case under title 11. Rather, it is related to a bankruptcy case under 28 U.S.C. § 157(c). Absent bankruptcy, the eviction action could not have been brought in federal court. There is no independent basis for federal jurisdiction. In addition, the State Court can efficiently and expeditiously try the eviction action which is based entirely on state law.

 This court rejects Riverside's argument that Rednel is barred from bringing the eviction proceeding in state court by the doctrine of election of remedies because it has already obtained in federal court a judgment authorizing the appointment of a voluntary receiver. The doctrine of election of remedies prevents duplicative recovery for the same wrong by requiring parties to elect between legally coexistent and inconsistent remedies. *Wynfield Inns v. Edward LeRoux Group, Inc.,* 896 F.2d 483, 488 (11th Cir.1990); *Grogan v. Garner,* 806 F.2d 829, 839 (8th Cir.1986); *Cayuga Indian Nation of New York v. Cuomo,* 667 F.Supp. 938, 946 (N.D.N.Y.1987). However, where two causes of action that are not inconsistent arise from a single course of events, the doctrine of election of remedies does not preclude a plaintiff from asserting both claims. *Quinn v. DiGiulian,* 739 F.2d 637, 644 (D.C.Cir.1984); 1B J. Moore, Moore's Federal Practice ¶ 0.405[7] (2d ed. 1983).

In this case, the doctrine of election of remedies is inapplicable for several reasons. First, the remedies are not inconsistent. Rather, in both actions Rednel seeks to remove Riverside from possession of the nursing home facility. Furthermore, each

action is founded upon a distinct and different claim. The eviction action was based on Rednel's assertion that as a result of its foreclosure action, Riverside's leasehold interest was terminated by a judgment dated April 15, 1986. Even if this court were to accept Riverside's assertion that both claims arise from the same set of facts, Rednel would not be precluded from asserting its eviction claim because the relief sought is consistent with the relief sought in its application for a receiver. Additionally, in the consent order of March 11, 1992, which was signed by Riverside, Rednel specifically reserved its right to bring an eviction action in State Court. Finally, this court declines to follow the doctrine of election of remedies here because it is harsh and generally disfavored by courts. *Quinn,* 739 F.2d at 644; *Louis Cook Plumbing & Heating, Inc. v. Frank Briscoe Co.,* 445 F.2d 1177, 1179 (10th Cir.1971); *Cayuga Indian Nation of New York,* 667 F.Supp. at 946.

■ This court also rejects Riverside's assertion that Rednel is prohibited from bringing the eviction action by judicial estoppel.

> Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process. *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595, 599 (6th Cir.1982). It is to be applied where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum designed for suitors seeking justice," *Scarano v. Central R. Co.,* 203 F.2d 510, 513 (3d Cir.1953), to prevent litigants from "playing fast and loose with the courts." *Id.* "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895).

*In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990); *In re Neptune World Wide Moving, Inc.,* 111 B.R. 457, 461 (Bankr.S.D.N.Y.1990). In this case, Rednel has not acted inconsistently. In both the eviction proceeding and its application to appoint a receiver, Riverside has taken the same position; It seeks to remove Riverside from possession and control of the nursing home facility and to appoint a receiver to conduct operations.

PROPOSED CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). Rednel's suit against Riverside is a non-core proceeding within the meaning of 28 U.S.C. § 157(c)(1). This is a civil proceeding which neither arises under title 11 nor arises in a case under title 11, but is related to a case under title 11, as authorized by 28 U.S.C. § 1334(b). Accordingly, the proposed findings of fact and conclusions of law are submitted to the district court for a final order or judgement to be entered by the district court after considering the proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected as expressed in 28 U.S.C. § 157(c)(1).

2. Rednel's eviction proceeding should be remanded to the State Court on equitable grounds pursuant to 28 U.S.C. § 1452(b). The action is based on New York State's elaborate landlord-tenant law. It is only remotely related to Riverside's Chapter 11 case and will not frustrate the implementation of Riverside's plan of reorganization. In addition, Rednel will be severely prejudiced if the action is not remanded to State Court because Rednel will not be able to prosecute the action in the expeditious form of a summary proceeding which is only available in the State Court.

3. Rednel is not prevented from bringing its eviction action by the doctrine of election of remedies because the actions are based upon different sets of facts and because the relief sought in each action is consistent.

4. Rednel is not barred by the doctrine of judicial estoppel from bringing the state law eviction action because its posture in that action is completely congruous with the position that it previously assumed in

its application to appoint a voluntary receiver.

Dated: White Plains, New York

June 23, 1992

As Amended Sept. 2, 1992.