**COVANTA ONONDAGA LIMITED,**
**Plaintiff,**

v.

**ONONDAGA COUNTY RESOURCE RECOVERY AGENCY,**
**Defendant.**

No. 02–CV–0497.

United States District Court,
N.D. New York.

Aug. 13, 2002.

Mackenzie Hughes LLP, Carter H. Strickland, of counsel, Syracuse, NY, for plaintiff.

Kilpatrick Stockton LLP, Stanley M. Gorinson, Craig Bertschi, Jennifer W. Persico, Robert V. Pambianco, of counsel, Washington, D.C., William J. Bulsiewicz,

Sr., OCRRA Agency Counsel, North Syracuse, NY, for plaintiff.

Martin, Martin & Woodard, LLP, Lee E. Woodard, Wendy A. Kinsella, of counsel, Syracuse, NY, for defendant.

## BACKGROUND

MUNSON, Senior District Judge.

On November 15, 1992, plaintiff Covanta Onondaga Limited Partnership ("Covanta") and defendant Onondaga County Resource Recovery Agency ("OCRRA"), entered into a Solid Waste Disposal Service Agreement ("Agreement"). The Agreement called for Covanta to post a bond as security for its obligations under the Agreement. The Agreement further provided that if the bond's credit rating fell below investment grade level, as determined by Standard & Poor's or Moody's both issue rating, Covanta would have thirty days from the reduction date to furnish credit enhancement. If this was not done within the specified time period, OCRRA could terminate the Agreement.

On January 16, 2002, Covanta's credit rating fell below investment grade level. On the same date OCRRA sent a letter to Covanta that it provide a credit enhancement within the thirty day time limit. When the enhancement was not forthcoming, in a letter dated February 20, 2002, OCRRA notified Covanta that it was exercising its right to terminate the Agreement as of that date, and pursuant to the Agreement, that a ninety day wind down period to permit Covanta to turn over its operations to OCRRA was then in effect.

On or about February 26, 2002, Covanta filed a civil lawsuit in the United States District Court for the Northern District of New York. This action was withdrawn two days later, however, because diversity jurisdiction did not exist between the parties to the litigation.

On March 1, 2002, Covanta filed the instant lawsuit in the New York State Supreme Court for Onondaga County. An amended complaint was filed on March 15, 2002, alleging breach of contract, breach of the covenant against fair dealing and violation of the New York State open meeting law. The relief sought was monetary damages and declaratory judgment. On March 22, 2002, defendant OCRRA, answered the amended complaint and filed a motion for partial summary judgment returnable April 26, 2002.

On April 1, 2002, Covanta and its parent corporation, along with 120 other affiliates, filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York. On April 8, 2000, Covanta filed Notice of Removal to remove the case from Onondaga County Supreme Court to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1452 (Removal of claims related to bankruptcy cases) and 9027 of the Federal Rules of Bankruptcy Procedure (Filing Application for Removal). On April 12, 2002, OCRRA filed a Notice of Motion to remand or abstain and remand the case to the Onondaga County Supreme Court. or, in the alternative, for the Northern District of New York District to retain jurisdiction of the case and resolve it expeditiously on the merits. On the same date, Covanta filed a motion seeking transfer of the case to the United States Bankruptcy Court for the Southern District of New York on the grounds that it was in the interest of justice and for the convenience of the parties. The respective parties have opposed each others motions.

## DISCUSSION

 A party seeking to consolidate a state action with a bankruptcy proceeding pending in another judicial district must

first remove the state action to the district in which that state action was filed, and then move to transfer venue to the district in which the bankruptcy case is pending. *Furr v. Barnett Bank (In re S & K Air Power of Florida, Inc.)*, 166 B.R. 193, 194 (Bankr.S.D.Fla.1994). Hence, courts faced with cross motions to remand and change of venue consider the remand motion first and, if remand is denied, turn to the motion for change of venue. *Arstk, Inc. v. Audre Recognition Systems, Inc.*, 1996 WL 229883, at *6 (S.D.N.Y. May 7, 1996).

The first issue that must be addressed is whether removal to this court was proper or, rather whether the case should be remanded for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1452(a), entitled "Removal of claims related to bankruptcy cases." [a] party to a civil action pending in a non-bankruptcy forum "may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending" if such district court has jurisdiction of such claim or cause of action under 1334 of this title. 28 U.S.C § 1452(b) permits the court to which "such claim or cause of action is removed" to "remand such claim on any equitable grounds."

■ OCRRA contends that the case was improperly removed because the removal notice filed in the Federal District Court, but the notice of removal served upon the New York State Supreme Court Judge stated that the case was being removed to the federal Bankruptcy Court, and the removal notice filed in the federal District Court, and copies of all the pleadings and process did not accompany the removal service. These contentions are without merit. There is scant legal authority supporting OCRRA's first contention, and no claim has been made that its counsel was confused or prejudiced by the discrepancy or that it delayed or otherwise interfered

with the progress of the case. The failure to file copies of records and proceeding with the notice of removal is also not fatal to the removal because Bankruptcy Rule 9027(f)(2) provides that the bankruptcy court may require the party filing notice of removal to file with the clerk copies of all pertinent documents relating to the claim or cause of action in the court from which the claim or cause of action was removed.

28 U.S.C. § 1334(b) supplies the jurisdictional basis for bankruptcy removal under § 1452(a), and states, in relevant part, [t]he district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11. 28 U.S.C. § 1334(b); see also *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Company*, 130 B.R. 405, 407 (S.D.N.Y.1991).

■ An action is a "related proceeding" under Title 11 if the outcome of the action could conceivably have any effect on the estate being administered in bankruptcy. *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir.1992); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984); *Celotex Corporation v. Edwards*, 514 U.S. 300, 317 n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). This case did not "arise under Title 11, nor did it arise in a case under Title 11, since the action was started prior to the filing of the bankruptcy petition, exists independently, and involves only state law causes of actions, rather than rights created by Title 11." *In re Riverside Nursing Home*, 144 B.R. 951, 955 (S.D.N.Y.1992). Therefore, the issue is whether the case is sufficiently "related to" a case under Title 11 to confer bankruptcy jurisdiction on this court, since under title 11 neither diversity or federal question exist as a basis for federal jurisdiction.

■ The court concludes that this case was properly removed and it possesses jurisdiction over this proceeding under § 1334(b) because it is related to a case under title 11. The potential finding that the contract was breached and recovery of damages could alter the debtor's rights, liabilities, options, or freedom of action, either positively or negatively and may impact upon handling and administration of the bankrupt estate. *Pacor v. Higgins,* 743 F.2d at 994.

■ 28 U.S.C. § 1334(c)(1) and (2) set forth the conditions under which a district court may abstain from hearing a proceeding relating to a debtor who has filed a petition in bankruptcy. The statute distinguishes between "core" and "non-core" claims. Core claims "arise under" or "arise in" bankruptcy proceedings. Those that arise under title 11 involve claims "predicated on a right created by a provision of title 11." *Drexel Lambert Group, Inc.,* 130 B.R. at 407. Actions that "arise in" a title 11 proceeding are those that "are not based on any right expressly created by title 11, but nonetheless, would have no existence outside of bankruptcy." *Id.* Non-core claims are "related to" the bankruptcy proceeding, that is to say they have claims whose outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Id.*

■ The difference between core and non-core proceedings defines the authority of the bankruptcy court. *In re Seatrain Lines, Inc.,* 198 B.R. 45, 50 (S.D.N.Y.). Pursuant to § 1334(c)(2), a district court must abstain from hearing a non-core proceeding if it has already been "commenced and can be timely adjudicated in a State court of appropriate jurisdiction." *S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 708 (2d Cir.1995). By contrast, "[w]hen a district court abstains from hearing a case involving 'core' proceedings,

the abstention decision can only be made pursuant to § 1334(c)(1), which leaves abstention to the judge's discretion." *Id.* Therefore, the district court must first consider whether the proceeding is core or non-core. *In re Seatrain Lines, Inc.,* 198 B.R. at 49.

Covanta contends that, pursuant to 28 U.S.C. § 157(b)(3), the district court should transfer this case to the Bankruptcy Court for the Southern District of New York, which alone should decide whether the breach of contract action is a core or non-core proceeding and thereby, whether remand is appropriate. (Plaintiff Covanta's Opposition Mem. at p. 7). This argument disregards the clear language of the Supreme Court in *Marathon* in that such a mandate would "impermissibly remove [ ] most, if not all, of the 'essential attributes of the judicial power' from the Article III district court, and ... vest [ ] those attributes in a non Article III adjunct." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (plurality opinion); see also, *id.* at 79, 102 S.Ct. at 2875–76, discussing *United States v. Raddatz,* 447 U.S. 667, 682, 100 S.Ct. 2406, 2415–16, 65 L.Ed.2d 424 (1980) ("[T]he ultimate decision making authority respecting all pretrial motions remained with the district court.") *In re Kenai,* 136 B.R. 59, 61 (S.D.N.Y.1992) (district courts should first focus on whether adversary proceedings are "core" or "non-core").

*Marathon* held that it is unconstitutional for "a bankruptcy court to adjudicate a state breach of contract claim brought by a debtor against a defendant who has not filed a claim with the Bankruptcy Court, when the contract was executed prior to the filing of the bankruptcy petition." *McMahon v. Providence Capitol Enterprises, Inc.,* 222 B.R. 205, 207 (S.D.N.Y. 1998) (citing *Marathon,* 458 U.S. 50, 102

S.Ct. 2858, 73 L.Ed.2d 598). The fact that Covanta's state court action also requests declaratory relief does not obscure the essentially legal nature of the action. The questions involved are traditional common law issues which can and should be decided by a jury. *Simler v. Conner*, 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963). Following *Marathon*, it is well-settled that [the Constitution] prohibits bankruptcy courts from adjudicating pre-petition contract claims—that is, claims arising prior to the bankruptcy. *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 36 (S.D.N.Y.2000) (citing *Phillips Constructors v. City of Burlington, Vermont*, 45 F.3d 702, 705 (2d Cir.1995)). Hence, the Second Circuit has held that "a breach of contract action by a debtor against a party to a pre-petition contract, who filed no claim with the bankruptcy court is non-core." *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1102 (2d Cir. 1993). In light of the Second Circuit's admonition that district court's should be ever mindful that "there is no evidence of any Congressional intent to contravene the Supreme Court's ruling in *Marathon*," *Orion Pictures Corporation v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d Cir.1993), and not wanting to create an "exception to *Marathon* that would swallow the rule," *id*, this court finds that because the proceedings in the instant case duplicate those in *Orion*, i.e. a debtor instituted a pre-petition breach of contract action, and the defendant not filing a proof of claim or counterclaims against the bankrupt estate, it is also non-core.

As an alternative to remand for lack of jurisdiction, the defendant postulates that the court is compelled to abstain in favor of the state court under 28 U.S.C. § 1334(2)(c), which provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Defendant argues that various courts in this and other Circuits have held that mandatory abstention is improper or inapplicable in removal cases since there is no parallel action pending in state court once the action is removed. *In re 666 Associates*, 57 B.R. 8 (S.D.N.Y.1985); *Weisman v. Southeast Hotel Properties, Ltd.*, 1992 WL 131080, (S.D.N.Y.1992) (citing cases); *In re Montague Pipeline Technologies, Corp.*, 209 B.R. 295 (Bankr.E.D.N.Y.1997). (mandatary abstention is not applicable to removed actions, but remanding on equitable grounds). While acknowledging that assorted courts have held mandatory abstention is inapplicable to removed cases, the majority of courts have held the opposite, noting that the commencement of the removed action in state court is adequate for purposes of § 1334(c)(2) so that mandatory abstention can apply to removed actions. *Gassman v. Gassman, Griper & Golodny*, 1997 WL 603439 (S.D.N.Y.1997); *Bevilacqua v. Bevilacqua*, 208 B.R. 11 (E.D.N.Y.1997) (applying mandatory abstention to the case without discussing the disagreement); *Channel Bell Associates v. W.R. Grace & Co.*, 1992 WL 232085 (S.D.N.Y.1992). The Second Circuit Court of Appeals has not yet addressed this issue, but other Circuits have held that mandatory abstention is applicable to removed actions. *In re Midgard Corp.*, 204 B.R. 764 (10th Cir. BAP 1997); *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579 n. 3 (6th Cir.1990).

■ The court finds that doctrine of mandatory abstention found in § 1334(c)(2) applies to actions which were commenced in state court and removed to federal court so long as the abstaining federal court remands the case to the state court for "timely adjudication." The distinct language of § 1334(c)(2) requires only that the action be "commenced" in state court, not currently pending there. There is nothing in the wording of the statute or legislative history indicating that removed actions were meant to be omitted from the reach of § 1334(c)(2), especially where, as here, all of the components for mandatory abstention are present.

■ A case must fulfill six conditions to utilize the doctrine of mandatory abstention:

1) a "timely" motion for abstention must have been brought

2) the action must be based upon a state law claim

3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code or "arising in" a case under the Bankruptcy Code

4) the sole federal jurisdictional basis for the action must be § 1334

5) the sole jurisdictional basis for the action must be an action "commenced" in state court, and

6) the action must be capable of being "timely adjudicated" in state court.

*Allied Mechanical and Plumbing v. Dynamic Hostels Housing Dev. Fund Co.,* 62 B.R. 873, 876 (Bankr.S.D.N.Y.1986).

■ The case at bar meets all six conditions; (1) the state court defendant filed a timely cross motion for abstention after the plaintiff removed the action; (2) the removed case involves only state law claims; (3) the case is related to a bankruptcy proceeding, it did not "arise under" the Bankruptcy Code; (4) the removed case could not have been brought in federal court absent bankruptcy jurisdiction; (5) the removed case was commenced in state court; and (6) the case can be "timely adjudicated" in the state court.

The court finds that mandatory abstention pursuant to § 1334(c)(2) is proper in this case, and the court further finds that the case should be remanded to state court.

Accordingly, defendant OCRRA's cross motion remand and mandatory abstention is **GRANTED**, and this action is remanded to the Supreme Court of the State of New York, Onondaga County; defendant Covanta's motion to transfer the case to the Southern District of New York is **DENIED** as moot.

**IT IS SO ORDERED.**